## STATE v. WILLIE LeGRANDE.

(Filed 21 February, 1968.)

**1. Criminal Law § 169—**

The admission of testimony over objection is rendered harmless when testimony of the same import is thereafter introduced without objection.

**2. Criminal Law § 99—**

It is not an expression of opinion for the trial court to direct the defendant to reply to the solicitor's question.

**3. Same—**

A remark of the court during trial will not entitle defendant to a new trial unless it tends to prejudice defendant.

**4. Criminal Law § 115—**

The trial court is not required to charge the jury upon the question of defendant's guilt of lesser degrees of the crime charged in the indictment when there is no evidence to sustain a verdict of defendant's guilt of such lesser degrees.

**5. Robbery § 5—**

Where all the evidence tends to show that a completed robbery with firearms was committed upon the prosecuting witness, and there is no conflicting evidence relating to the elements of this offense, the court is not required to submit the question of defendant's guilt of assault.

**6. Same—**

Where all the evidence is uncontradicted that the money taken by the use of firearms was the property of the prosecuting witness, the defendant not contending that the money was his, and the charge, when considered in its entirety, accurately reflects the evidence as to the ownership of the money, the failure of the court to charge more fully that the jury must find that the money taken was the property of another, *is held* without error.

APPEAL by defendant from *Crissman, J.,* October 30, 1967, Criminal Session, GUILFORD County Superior Court, High Point Division.

Defendant was tried under an indictment charging armed robbery. From a verdict of guilty as charged and a judgment of the court that the defendant be confined in the State Department of Correction for a period of not less than fourteen nor more than twenty-one years to be assigned to work under the supervision of the State Department of Correction as provided by law, the defendant appeals.

*Attorney General Bruton and Deputy Attorney General James F. Bullock for the State.*
*Stephen E. Lawing for defendant.*

STATE *v.* LEGRANDE.

CAMPBELL, J.   The defendant makes, through his court-appointed attorney, five assignments of error. The facts sufficiently appear in the opinion.

1.   The defendant assigns as the first error that a police officer was permitted to testify that upon going to the store where the alleged offense occurred he found the victim walking around in the store with injuries on the left side of his face and that "Mr. Strickland (the victim) stated that a colored subject had been in the store and that * * *". There was nothing further elicited from this witness along this line. The defendant asserts that this constituted hearsay testimony and that it was prejudicial to the defendant. This assignment of error is overruled, for that later Mr. Strickland, the victim, testified that he told the investigating officers when they first came to his store that "it was a colored man that robbed me". This was admitted without objection and what the officer had previously started to testify to would be corroborative thereof.

Subsequently, the police officer returned to the stand and testified without objection that the victim "stated that a colored subject had come into his store".

It thus follows that even if it had been error to permit the officer to testify originally as he did the error was cured by the same evidence being admitted thereafter without objection. Under such circumstances the benefit of the objection would have been lost. Stansbury, N. C. Evidence, 2d Edition, Section 30; *State v. Tyson,* 242 N.C. 574, 89 S.E. (2d) 138 (1955); *Davis v. Vaughn,* 243 N.C. 486, 91 S.E. (2d) 165 (1955).

2.   The defendant assigns as the second error that the court expressed an opinion in the course of the trial in statements made by the court before the jury and that these statements were prejudicial to the defendant. We have examined the record pertaining to the alleged expressions of opinion by the court. We fail to find that the record supports the contention of the defendant. A typical instance in the record shows, at a time when the witness was reluctant to answer certain questions and, in fact, did not answer several questions, the following:

"Q.   Do you work anywhere?
A.   Do I work anywhere?
The Court:   You heard him; answer his question."

We fail to find that this is an expression of an opinion on behalf of the court that could in any way be considered prejudicial to the defendant, but to the contrary, it was an effort on the part of the court

to expedite the trial and keep the proceedings moving. This is a proper function of the trial judge.

Another instance complained of by the defendant is where the solicitor on behalf of the State objected to repetition on the re-direct examination by defendant's attorney and the court sustained the objection. Defendant's attorney protested and the court changed the ruling and the following occurred:

> "The Court.  Go ahead and ask him. Maybe he will answer it different.
> Mr. Floyd (Defendant's attorney). Maybe he will. I want to ask my client about it, too. It works both ways.
> The Court:  Go ahead."

We hold that the record does not show the court expressed any opinion on the defendant's credibility. This assignment of error is overruled.

3.   The defendant's third assignment of error is to the failure of the court to charge the jury with respect to a lesser degree of the crime included in the bill of indictment, in that the court failed to charge the jury with respect to an assault.

The court is not required to submit to the jury a lesser included offense when there is no evidence of such lesser included offense.

In *State v. Hicks*, 241 N.C. 156, at pp. 159-160, 84 S.E. (2d) 545 (1954), the Supreme Court said:

"The distinction is this: The necessity for instructing the jury as to an included crime of lesser degree than that charged arises when and only when there is evidence from which the jury could find that such included crime of lesser degree was committed. *The presence of such evidence* is the determinative factor. Hence, there is no such necessity if the State's evidence tends to show a completed robbery and there is *no conflicting evidence* relating to elements of the crime charged. Mere contention that the jury might accept the State's evidence in part and might reject it in part will not suffice."

In *State v. Smith*, 268 N.C. 167, at 173, 150 S.E. (2d) 194 (1966), Justice Sharp, writing for the Supreme Court, stated:

"In this case, there is no conflicting evidence relating to the element of the armed robbery charged in the indictment. The words of Connor, J., in *State v. Cox, supra* at 361, 160 S.E. at 360 are pertinent:

'The statute (G.S. 15-169) is not applicable, where, as in the instant case, all the evidence for the State, uncontradicted by any evidence for the defendant, if believed by the jury, shows that the crime charged in the indictment was committed as alleged therein . . .

(T)here was no evidence tending to support a contention that the defendants, if not guilty of the crime charged in the indictment, were guilty of a crime of less degree.'

"We hold that the evidence in this case necessarily restricted the jury to return one of two verdicts, namely, guilty of robbery with firearms as charged in the indictment, or not guilty."

In the instant case, all of the evidence tends to show that robbery with firearms was committed upon the prosecuting witness. The prosecuting witness testified that he opened the cash register in his store, took out the bills, and put a rubber band around the bills, and as he was doing that, the defendant struck him in the back and told him to give him the money; that when he looked around the defendant had a pistol in his hand, and said: "Man, give me that money; I will kill you; I have got to have it." The prosecuting witness further testified that at this time he grabbed the pistol and was trying to keep the pistol away from him, and at this time he was kicked and struck and the last he remembered before being rendered unconscious was the defendant saying: "Where is that money? I have got to have that money." When the prosecuting witness regained consciousness the money and the defendant were both gone.

The defendant, on the other hand, contended that he was not present at the time and was not the person who committed the offense. All the evidence in this case shows the assaults were committed in connection with, and as a part of, and included in the robbery. There was no occasion to charge on the lesser offense of an assault only. This assignment of error is overruled.

4. The defendant's fourth assignment of error is that the court erred in failing to explain to the jury what constituted felonious intent in the law of robbery with firearms or other dangerous weapons.

When the charge is read as a whole, the court did require the State to satisfy the jury beyond a reasonable doubt that the defendant feloniously took money from the person of the prosecuting witness and did adequately explain the expression "feloniously took money."

This assignment of error is overruled.

5. The defendant's fifth assignment of error is to the effect that the court erred by failing to charge the jury that the jury must find that the property taken was "the property of another".

In the instant case, the evidence was uncontradicted that the money taken was the money which the prosecuting witness had just removed from his cash register in his store. The defendant at no time made any contention that he had any right to the money and

his whole defense was that he was not the person present on that occasion and that he took no money at all.

In *State v. Mull*, 224 N.C. 574, 31 S.E. (2d) 764 (1944) Chief Justice Stacy stated that "it is not necessary or material to describe accurately or prove the particular identity or value of the property, further than to show that it was the property of the person assaulted *or* in his care, and had a value, (our italics) * * * In robbery the kind and value of the property is not material, because force or fear is the main element of the offense." In the instant case, considered as a whole, the charge was sufficient and the jury clearly understood that the property taken had to be the property of the prosecuting witness and that the defendant did not have and did not claim any right to same.

A more specific instruction than was given was not required. This assignment of error is overruled.

The defendant has had a full and open hearing, with no suggestion of surprise, and it is not perceived wherein he has been prejudiced.

A careful perusal of the entire record leaves us with the impression that the verdict and judgment should be upheld.

No error.

MORRIS and PARKER, JJ., concur.