STATE OF NORTH CAROLINA v. JASPER McLEAN
No. 6812SC308

(Filed 25 September 1968)

**1. Robbery § 5—   instructions — submission of a lesser degree of armed robbery**

Where all the evidence tends to show that a completed robbery with firearms was committed upon the prosecuting witness and there is no contradictory evidence, the court is not required to submit the question of defendant's guilt of common law robbery.

**2. Criminal Law § 115—   instructions on lesser degrees of crime**

G.S. 15-170 permits the conviction of a defendant of the crime charged in the bill of indictment "or of a less degree of the same crime," but it does not make mandatory the submission to the jury of a lesser included

offense where the indictment does not charge such offense and where there is no evidence of such offense.

**3. Criminal Law § 113— instruction on law not supported by the evidence**

It not only is unnecessary but it is undesirable for a trial judge to give instructions on abstract possibilities unsupported by evidence.

APPEAL from *Braswell, J.,* 19 February 1968, Criminal Session, CUMBERLAND County Superior Court.

The defendant was tried on a valid bill of indictment charging him with the felony of robbery with firearms on 15 December 1967. The defendant entered a plea of not guilty. The jury returned a verdict of guilty, and from an imposition of a sentence of fifteen years in the State's prison, the defendant appealed.

The attorney who represented plaintiff in the trial, for good cause shown, was permitted to withdraw from further representation of the defendant. The defendant filed an affidavit of indigency and the court appointed counsel to represent the defendant on this appeal.

The State introduced evidence to the effect that at about 11:30 p.m. on 15 December 1967, H. A. James, Jr., was working as the night manager of Western Union Telegraph Company in Fayetteville. In addition to Mr. James, another operator, Charlie Bishop, was on duty and the wife of Mr. James was waiting in the office. Mr. James testified:

". . . I looked up to the counter and he was middleway the counter, out in the lobby. At the time I first saw him he was right in the middle of the counter, right in the dead center. At that time I observed that Jasper McLean had what appeared to be a snubnose thirty-eight pistol in his right hand, and he had a pair of gloves with him and his left hand was gloved and his right hand was ungloved and he was holding the pistol in his right hand. And he had it clutched like this and was pointing it towards me as I was sitting there at the delivery desk. I will say that the end of the barrel of the pistol was about six feet from me at the time I first saw that pistol.

At that time that Jasper McLean stood there in that position he said, 'This is a hold-up; give me your money; give me all you have got.' At that time I said nothing. I immediately began to get my funds, which were in my cash department.

. . . I took the money from my drawer and carried it over and put it in the hands of Jasper McLean because he was hold-

ing a loaded gun on me, and I was afraid to do anything else but take it to him."

The testimony of Mrs. James was substantially in accord with that of her husband.

The defendant offered testimony to the effect that on the occasion in question, he was engaged in a poker game in another section of the City of Fayetteville and that the State's witnesses failed to identify the defendant in a police lineup. The defendant himself did not testify and his defense was that of mistaken identity and his presence elsewhere at the time of the crime.

*Nance, Collier, Singleton, Kirkman & Herndon by James R. Nance, Attorneys for defendant appellant.*

*T. W. Bruton, Attorney General, and Millard R. Rich, Jr., Assistant Attorney General, for the State.*

CAMPBELL, J.

**[1]** The defendant assigns as error the charge of the trial judge wherein he stated:

"Under the law and evidence in this case, you are to return one of two possible verdicts; that is to say, a verdict of guilty as charged of armed robbery, or a verdict of not guilty, depending upon how you shall have found the facts to be."

The defendant asserts that it was incumbent upon the trial judge, as provided by G.S. 15-170, to instruct the jury that the defendant could be convicted of a lesser included offense of common law robbery.

**[2]** G.S. 15-170 permits the conviction of a defendant of the crime charged in the bill of indictment "or of a less degree of the same crime." This statute, however, does not make mandatory the submission to the jury of a lesser included offense where the indictment does not charge such offense and where there is no evidence of such offense.

"It is true that in a prosecution for robbery with firearms, an accused may be acquitted of the major charge and convicted of an included or lesser offense, such as common law robbery, or assault, or larceny from the person, or simple larceny; if a verdict for the included or lesser offense is supported by allegations of the indictment and by evidence on the trial." *State v. Bell,* 228 N.C. 659, 46 S.E. 2d 834.

[3]    It not only is unnecessary, but it is undesirable for a trial judge to give instructions on abstract possibilities unsupported by evidence. The rule is succinctly stated by Bobbitt, J., in *State v. Hicks*, 241 N.C. 156, 84 S.E. 2d 545:

> "The necessity for instructing the jury as to an included crime of lesser degree than that charged arises when and only when there is evidence from which the jury could find that such included crime of lesser degree was committed. The *presence of such evidence* is the determinative factor. Hence, there is no such necessity if the State's evidence tends to show a completed robbery and there is *no conflicting evidence* relating to elements of the crime charged. Mere contention that the jury might accept the State's evidence in part and might reject it in part will not suffice."

[1]    In the instant case the evidence on behalf of the State establishes that a robbery with firearms was in fact committed. This is uncontradicted by the defendant's evidence, and as stated by Ervin, J., in *State v. Bell, supra:*

> "If the jury believed the testimony in the case under review, . . . it was its duty to convict the defendants of robbery with firearms because all of the evidence tended to show that such offense was committed upon the prosecuting witness, . . . as alleged in the indictment. There was no testimony tending to establish the commission of an included or lesser crime. The evidence necessarily restricted the jury to the return of one of two verdicts . . . namely, a verdict of guilty of robbery with firearms . . . or a verdict of not guilty. It follows that the court did not err in failing to instruct the jury that they might acquit the defendants of the crime of robbery with firearms charged in the indictment in question and convict them of a lesser offense."

To the same effect, see *State v. LeGrande*, 1 N.C.App. 25, 159 S.E. 2d 265.

Affirmed.

MALLARD, C.J. and MORRIS, J., concur.