STATE OF NORTH CAROLINA v. WILLIE ROBERT STEVENSON
No. 6826SC408

(Filed 13 November 1968)

1. Criminal Law § 115— instructions on lesser degrees of crime

G.S. 15-170, which provides that a defendant may be convicted of the crime charged in the indictment or of a less degree of the same crime,

does not compel the trial court to charge on the lesser included offense where the evidence is such that the jury could not find that such lesser crime was committed.

**2. Robbery § 5— instructions — submission of lesser degree of armed robbery**

> Where the State's evidence tends to establish that a robbery with a knife was committed on the prosecuting witness, and the defendant's evidence tends to establish that there was no robbery but that the prosecuting witness loaned him the money, there is no evidence to sustain a conviction of common law robbery, assault with a deadly weapon or assault, and the trial court is not required to charge on these lesser included offenses of armed robbery.

APPEAL from *Hasty, J.*, 8 July 1968 Schedule "C" Session, MECK-LENBURG Superior Court.

The defendant was tired on a bill of indictment charging him with the felony of robbery with firearms or other dangerous weapons; to wit, a knife whereby the life of Jonathan Wayne Phillips was endangered and threatened. The defendant, through his attorney, entered a plea of not guilty. After the evidence was heard the jury returned a verdict of guilty and a sentence was imposed of not less than five nor more than seven years in the State Prison. The defendant appeals from this verdict.

At the trial the State offered evidence by Jonathan Wayne Phillips to the effect that he was first introduced to the defendant on 17 March 1968. They met at the Morehead Bowling Center in Charlotte at approximately 8:15 p.m. From the Bowling Center they went to a place called Joe's A'Go Go Club and stayed there approximately one hour and fifteen minutes. They then returned to the Bowling Center and stayed there until approximately 11:45 p.m. At this time they went to Phillips' car so that Phillips could take the defendant home. Phillips gave this account of the robbery:

> ". . . Bobby Stevenson told me to pull the car over to the side of the road. I asked him 'what for?' and he didn't give me an explanation. He then said 'pull over' again and at this time I pulled over and stopped and came to a complete stop. I came to a complete stop on Bradford Drive. I turned on the dash light overhead and he said, 'Wayne, I want your money,' and I said, 'I am not going to give it to you.' About that time I saw a little knife about six or seven inches overall length with a small, white, pearl handle. It was about one inch in diameter and one-half inch thick. It had about 2½- or 3-inch blade on it. Bobby Stevenson had the knife. He grabbed my

STATE *v.* STEVENSON.

shirt collar and stuck the knife right at my throat and said,. 'I want your money.' He stuck it about one-half inch away from my throat and said, 'I want your money,' and I said, 'All right, you can have it.'

\* \* \*

I was willing to give the defendant the money with that knife up to my throat, but I would not have been willing to give it to him without the knife up to my throat. I gave the money to him because I wanted him to get the knife away from my throat and get out of the car."

The defendant took the stand and testified in his own behalf. His account of the alleged robbery is as follows:

"I live on Edgewood, and when he stopped, I asked him if he would loan me some money and he said he would let me have twelve dollars. I said that would be O.K., so I got out and shook his hand and told him I would be back down at Morehead the following day, which was on Sunday. I got him to let me out about a block away from my home because I was afraid to go home where my mother was because she does not approve of drinking. . . .

\* \* \*

I did not have any weapon or knife on me and I have never owned a pearl-handled knife of two or three inches or four-inch knife."

*Robert F. Rush for defendant appellant.*

*Attorney General T. W. Bruton by Deputy Attorney General Harry W. McGalliard for the State.*

MORRIS, J.

The defendant's sole assignment of error relates to the failure of the court to charge the jury on the lesser included offenses of armed robbery; to wit: common law robbery, assault with a deadly weapon, or assault.

G.S. 15-170 provides:

"Upon the trial of any indictment the prisoner may be convicted of the crime charged therein or of a less degree of the same crime, or of an attempt to commit the crime so charged, or of an attempt to commit a less degree of the same crime."

The statute does not compel the trial court to charge on the lesser

included offense where the evidence is such that the jury could not find that such lesser crime was committed.

"The necessity for instructing the jury as to an included crime of lesser degree than that charged arises when and only when there is evidence from which the jury could find that such included crime of lesser degree was committed. The *presence of such evidence* is the determinative factor. Hence, there is no such necessity if the State's evidence tends to show a completed robbery and there is *no conflicting evidence* relating to elements of the crime charged. Mere contention that the jury might accept the State's evidence in part and might reject it in part will not suffice." *State v. Hicks,* 241 N.C. 156, 84 S.E. 2d 545.

The recent case of *State v. McLean,* 2 N.C. App. 460, 163 S.E. 2d 125, is on "all fours" with the present case. There, the State's evidence clearly described an armed robbery. The defendant's evidence showed that he was in another place when the robbery occurred. Campbell, J., speaking for this Court said:

"G.S. 15-170 permits the conviction of a defendant of the crime charged in the bill of indictment 'or of a less degree of the same crime.' This statute, however, does not make mandatory the submission to the jury of a lesser included offense where the indictment does not charge such offense and where there is no evidence of such offense.

*      *      *

It not only is unnecessary, but it is undesirable for a trial judge to give instructions on abstract possibilities unsupported by evidence."

[2]   In the present case the State's evidence tends to establish that a robbery with a knife was committed. The knife was plainly described at the trial by the prosecuting witness. The defendant's evidence tends to establish that there was not a robbery, but that the prosecuting witness loaned him the money. There was no evidence upon which a conviction of common law robbery, assault with a deadly weapon, or assault could have been sustained.

"If the jury believed the testimony in the case under review, . . . it was its duty to convict the defendants of robbery with firearms because all of the evidence tended to show that such offense was committed upon the prosecuting witness, . . . as alleged in the indictment. There was no testimony tending to establish the commission of an included or lesser crime. The

evidence necessarily restricted the jury to the return of one of two verdicts . . . namely, a verdict of guilty of robbery with firearms . . . or a verdict of not guilty. It follows that the court did not err in failing to instruct the jury that they might acquit the defendants of the crime of robbery with firearms charged in the indictment in question and convict them of a lesser offense." *State v. Bell,* 228 N.C. 659, 46 S.E. 2d 834; as quoted in *State v. McLean, supra.*

*State v. LeGrande,* 1 N.C. App. 25, 159 S.E. 2d 265, is in accord with this decision. The trial court did not commit error when it failed to charge on the lesser included offenses of armed robbery.

Affirmed.

MALLARD, C.J., and CAMPBELL, J., concur.