STATE OF NORTH CAROLINA v. THOMAS JACKSON AND WILLIE UTLEY

No. 6910SC352

(Filed 22 October 1969)

**1. Constitutional Law § 32— right to counsel — appointment of counsel four weeks after arrest**

   In this armed robbery prosecution, defendants have failed to show that they were prejudiced by the fact that counsel was not appointed to represent them until approximately four weeks after their arrest.

**2. Constitutional Law § 32—   right to counsel — critical stages of proceeding**

　　The right of a defendant in a criminal action to be represented by counsel does not apply literally to every stage of the proceedings, but only to the "critical stages."

**3. Criminal Law § 105—   introduction of evidence by defendant — waiver of prior motion for nonsuit**

　　When a defendant offers evidence after his motion for nonsuit is overruled, he thereby waives his motion for nonsuit made before introduction of his evidence. G.S. 1-183.

**4. Robbery § 4—   sufficiency of evidence**

　　The evidence *is held* sufficient to be submitted to the jury as to defendants' guilt of armed robbery.

**5. Robbery § 5—   indictment for armed robbery — verdict of common law robbery**

　　An indictment for armed robbery under G.S. 14-87 will support a verdict of guilty of common law robbery. G.S. 15-170.

**6. Criminal Law § 163—   broadside exception to charge**

　　An assignment of error that "the court erred in his charge to the jury" is broadside and ineffectual.

ON certiorari from *Bickett, J.,* 16 September 1968 Session of WAKE Superior Court.

The defendants, Willie Utley and Thomas Jackson, were charged in a single bill of indictment with armed robbery. Both defendants pleaded not guilty. In substance, the evidence for the State was as follows: Monn Hiawatha Smith, a resident of Raleigh, North Carolina, was returning to his home on the night of 12 July 1968 when he was stopped by the defendant Utley, who asked him for a match, as he started to cross the street at the corner of Davie Street and Patterson Lane. While Utley was talking to Smith, Thomas Jackson walked up behind Smith and grabbed him. The defendants then forced Smith to accompany them some forty to fifty yards up the street to the home of the defendant Utley. Upon entering the house, Smith was held by Jackson while Utley went through his pockets and removed the following items: one pen knife, one pair of gold cuff links and cash amounting to $47.00 in the following denominations — two twenty dollar bills, one five dollar bill and two one dollar bills. They also took a sport coat from him that he had recently purchased. Smith shoved the defendant Utley when he started to search his pockets, causing Utley to strike at him several times with a meat cleaver. Smith testified that the defendants took his property after he saw the meat cleaver and after they struck at

him with the meat cleaver. On cross-examination, Smith stated that he was not afraid of anyone on the street but that on this occasion he was afraid for his life. As soon as he was released, Smith ran to the corner of East Street and Davie Street and called the police. Smith signed a warrant for the arrest of the defendants and accompanied the officers to the defendant Utley's house. Detective A. E. Morris testified that they were admitted by the defendants and that a search of the premises, with the permission of the defendants, revealed the following items: the sport coat identified by Smith as having been taken from him by the defendants, $8.00 found on the person of Jackson and $25.00 found on the person of Utley.

The sole witness for the defendants, Miss Justina Banks, testified that she resided at the Utley house and that on the day in question she saw Smith and a girl friend at the Utley house. She testified that the defendants and Smith were drinking wine and that Smith took a short nap and upon awakening made a statement about some money being gone. She observed no fight nor did she see anyone strike at Smith with a meat cleaver or take any property from him. Neither of the defendants testified.

A motion for judgment as of nonsuit was denied at the close of the State's evidence. The motion was renewed following the presentation of evidence by the defendants and was again denied.

Judge Bickett charged the jury that they could find the defendants guilty of armed robbery as charged in the bill of indictment, guilty of common law robbery or not guilty. The jury found each defendant guilty of common law robbery and each was sentenced to not less than nine nor more than ten years in the State's Prison. The defendants appealed.

*Robert Morgan, Attorney General, by Harry W. McGalliard, Deputy Attorney General, for the State.*

*Malcolm B. Grandy for the defendant appellants.*

HEDRICK, J.

The appellants' first assignment of error reads as follows:

   "1.  That warrant issued on the 12th day of July, 1968 and was served upon the defendants on the 12th, 13th day of July, 1968; that counsel was appointed in the Superior Court on the 8th day of August, 1968; that defendants' constitutional rights were thereby violated."

**[1, 2]**   The foregoing purports to be based on an exception to the orders appointing counsel. The appellants in their brief make the statement that: "Defendants charged with felony are entitled to counsel at all stages of proceedings against them from their arrest until the conclusion of the case." Appellants in their brief cite no authority for this statement. There has been no showing that these defendants were in any manner prejudiced by the failure of the court to appoint counsel at the moment of arrest nor is there any contention that there was insufficient time allowed to prepare for trial. The right of a defendant in a criminal action to be represented by counsel does not apply literally to every stage of the proceedings, but only to the "critical stages". *Gasque v. State*, 271 N.C. 323, 156 S.E. 2d 740, cert. den. 390 U.S. 1030, 20 L. Ed. 2d 288, 88 S. Ct. 1423; *State v. Bentley*, 1 N.C. App. 365, 161 S.E. 2d 650. In the instant case, no showing has been made that any "critical stage" of the proceedings had been reached before counsel was appointed. The appellants' contentions with respect to the appointment of counsel are without merit.

**[3]**   The appellants' second assignment of error challenges the ruling of the trial court denying the motion for judgment as of nonsuit made at the close of the State's evidence. It is elementary that when a defendant offers evidence after his motion for judgment as of nonsuit is overruled, he thereby waives all right to urge that denial as error upon appeal. G.S. 1-183; *State v. Prince*, 270 N.C. 769, 154 S.E. 2d 897; *State v. Fikes*, 270 N.C. 780, 155 S.E. 2d 277; *State v. Howell*, 261 N.C. 657, 135 S.E. 2d 625.

**[4]**   The appellants' third assignment of error challenges the ruling of the trial court denying the motion for judgment as of nonsuit renewed at the close of all of the evidence.

In the case of *State v. Primes*, 275 N.C. 61, 165 S.E. 2d 225 (1969), the Court said:

"On such a motion the evidence must be considered in the light most favorable to the State, and the State is entitled to every reasonable intendment thereon and every reasonable inference therefrom."

G.S. 14-87 provides:

"Any person or persons who, having in possession or with the use or threatened use of any firearms or other dangerous weapon, implement or means, whereby the life of a person is endangered or threatened, unlawfully takes or attempts to take personal property from another or from any place of business,

residence or banking institution or any other place where there is a person or persons in attendance, at any time, either day or night, or who aids or abets any such person or persons in the commission of such crime, shall be guilty of a felony and upon conviction thereof shall be punished by imprisonment for not less than five nor more than thirty years."

The evidence presented by the State was sufficient to require the submission of the case to the jury upon the charge of armed robbery; therefore, the motion for judgment as of nonsuit was properly overruled. *State v. Reid,* 5 N.C. App. 424, 168 S.E. 2d 511.

[5] The jury found each of the defendants guilty of common law robbery. An indictment for armed robbery under G.S. 14-87 will support a verdict of guilty of common law robbery. G.S. 15-170; *State v. Stevenson,* 3 N.C. App. 46, 164 S.E. 2d 24; *State v. McLean,* 2 N.C. App. 460, 163 S.E. 2d 125; *State v. Bell,* 228 N.C. 659, 46 S.E. 2d 834.

[6] The appellants' fourth and final assignment of error was as follows:

"4. For that the court erred in his charge to the jury."

This is an exception to the entire charge of the court. This is a "broadside exception" and presents no question for review upon appeal. G.S. 1-180; *State v. McCaskill,* 270 N.C. 788, 154 S.E. 2d 907; *Lewis v. Parker,* 268 N.C. 436, 150 S.E. 2d 729; *State v. Woolard,* 260 N.C. 133, 132 S.E. 2d 364.

In the trial of the defendants in the superior court, we find

No error.

MALLARD, C.J., and MORRIS, J., concur.