STATE OF NORTH CAROLINA v. JOSEPH STEVE MARTIN

No. 6926SC523

(Filed 19 November 1969)

1. Robbery § 4; Criminal Law § 106— armed robbery — sufficiency of the evidence

In a prosecution for armed robbery, evidence of defendant's guilt was sufficient to be submitted to the jury, notwithstanding defendant's contentions that the prosecuting witness was "obviously unreliable" and that defendant's unequivocal denial of the charge presented a factual situation too conflicting for the jury's consideration.

2. Criminal Law § 106— sufficiency of the evidence — function of jury

It is the function of the jury to determine the facts in the case from the evidence, to weigh the evidence and determine the credibility of the witnesses and the probative force to be given their testimony, and to determine what the evidence proves or fails to prove.

3. Robbery § 5— armed robbery — instructions on lesser included offense

In a prosecution for armed robbery, where the evidence tends to show that the defendant had committed the armed robbery as alleged in the indictment or that the defendant was innocent, the trial court is not required to instruct the jury on the lesser included offenses of assault with a deadly weapon and simple assault.

APPEAL by defendant from Beal, S.J., 16 June 1969 Schedule "D" Session of MECKLENBURG County Superior Court.

Defendant was charged under a bill of indictment with armed robbery on 19 May 1969. The uncontroverted evidence of the State, based on the testimony of the prosecuting witness Jarvis Cox and the corroborative testimony of Charlotte Police Officers W. G. Burnett and H. R. Smith, tends to show that Cox was approached by defendant at a "cafe" near the bus station in Charlotte and was persuaded to follow the defendant while in search of a girl, that after walking "a good little piece down there" they came to a vacant lot where defendant for no apparent reason said, "Well, g - - d - - - your soul, I am going to kill you". Defendant then allegedly pulled Cox into a vacant lot and knocked him down, tied him to a tree and threatened to kill him with a knife "about six or eight inches long which looked like a steak knife." Defendant allegedly took $360 in currency and other personal property belonging to Cox. After defendant left the scene, Cox untied himself, "ran at least two blocks" to a service station and called the police. The robbery allegedly occurred around 9 p.m. as it was getting dark. Cox testified that he had not had anything alcoholic to drink on the day of the robbery.

Defendant testified that he had never seen Cox before he was arrested for committing the alleged robbery, that Cox "was half-high, smelled like he had been drinking wine" when defendant saw him at the police station, that the police never found a knife or the money on him and that at the time of the robbery he was "down at West 8th Street and Pine Street, down there at a friend's Mae Black-worth."

Defendant was apprehended about midnight on the day of the robbery when he was seen at the bus station in Charlotte by Cox, who immediately notified a police officer.

At the conclusion of the testimony the court charged the jury on the offenses of armed robbery and common law robbery. The jury rendered a verdict of guilty of armed robbery and defendant was sentenced to serve not less than 15 nor more than 18 years in the State Prison.

Defendant appealed.

*Attorney General Robert Morgan by Trial Attorney I. B. Hudson, Jr., and Staff Attorney Howard P. Satisky for the State.*

*James M. Shannonhouse, Jr., for defendant appellant.*

MORRIS, J.

[1]  By assignments of error Nos. 1 and 2 defendant contends that it was error for the court to refuse his motion for nonsuit at the close of the State's evidence and at the close of all the evidence. Defendant does not cite pertinent authority for this position, contending only that the prosecuting witness was "obviously unreliable", because he was unwilling or unable to explain to the court and jury what he had been doing in Charlotte and why he had so much money on his person when he was not planning to make any substantial purchases. Defendant further contends that this "unreliability" along with "defendant's unequivocal denial" presents a "factual situation too conflicting to be presented the jury for consideration."

[2]  It is the function of the jury to determine the facts in the case from the evidence and it is the function of the jury to weigh the evidence, determine the credibility of the witnesses and the probative force to be given their testimony and determine what the evidence proves or fails to prove. 7 Strong, N.C. Index 2d, Trial, § 18, p. 288. There was ample evidence to be submitted to the jury. Defendant's assignments of error Nos. 1 and 2 are overruled.

[3]  Defendant's assignment of error No. 3 is addressed to the

court's failure to instruct the jury on the lesser included offenses of assault with a deadly weapon and simple assault under G.S. 15-169 and G.S. 15-170. This failure, he contends, constitutes prejudicial error. It is true that a defendant may be acquitted of armed robbery and convicted of an included or lesser offense if a verdict for the included or lesser offense is supported by allegations of the indictment and by evidence at the trial. However, the evidence in this case tended to show that the defendant had committed armed robbery upon Cox as alleged in the indictment or that the defendant was innocent of the alleged crime. The jury was persuaded to accept the evidence of the State and find the defendant guilty as charged. This assignment of error is overruled. *State v. Smith*, 268 N.C. 167, 150 S.E. 2d 194 (1966); *State v. Bell*, 228 N.C. 659, 46 S.E. 2d 834 (1948); *State v. McLean*, 2 N.C. App. 460, 163 S.E. 2d 125 (1968).

Affirmed.

MALLARD, C.J., and HEDRICK, J., concur.