STATE OF NORTH CAROLINA v. GEORGE W. STONE

No. 746SC510

(Filed 3 July 1974)

1. **Escape § 1— second escape — felony-escapes during different sentences**
   The escape statute, G.S.148-45, declares a second escape a felony even though defendant was serving different sentences when the two escapes occurred.

2. **Escape § 1— felonious escape — failure to charge on misdemeanor**
   In a prosecution for felonious escape, the trial court did not err in failing to charge the jury that they could find defendant guilty of misdemeanor escape where all the evidence tended to show that this was defendant's second offense of escape.

APPEAL by defendant from *Peel, Judge,* 28 January 1974 Session of Superior Court held in HALIFAX County.

Defendant is charged in bill of indictment, proper in form, with felonious escape from the lawful custody of the State prison system, this being his second escape. He pleaded not guilty, and a jury found him guilty as charged. The court entered judgment imposing prison sentence of six months, the first three months to run concurrently with sentence then being served and the remaining three months to run at expiration of any and all sentences being served. Defendant appealed.

*Attorney General Robert Morgan, by Associate Attorney Robert P. Gruber, for the State.*

*Allsbrook, Benton, Knott, Allsbrook & Cranford, by Dwight L. Cranford, for defendant appellant.*

BRITT, Judge.

[1]   Defendant states the first question presented by this appeal as follows: "Does the escape statute contemplate that a second escape is a felony, even though the first escape came at a time when the prisoner was serving another sentence?" We hold that it does.

G.S. 148-45 provides in pertinent part: " . . . Any prisoner convicted of escaping or attempting to escape from the State prison system who at any time subsequent to such conviction escapes or attempts to escape therefrom shall be guilty of a

felony and, upon conviction thereof, shall be punished by imprisonment for not less than six months nor more than three years . . . . ''

Suffice it to say, the form of the quoted statute could be improved upon. Nevertheless, we believe it was the intent of the General Assembly to declare a second offense of escape, or attempted escape, a felony regardless of the time elapsing or events occurring between the two offenses.

[2]   Defendant contends the court erred in failing to charge the jury that they could return a verdict of guilty of misdemeanor escape. This contention is also without merit.

It is well settled in this jurisdiction that it is not error for the trial court to fail to charge on a lesser included offense unless there is evidence to support the lesser offense. *State v. Stevenson*, 3 N.C. App. 46, 164 S.E. 2d 24 (1968); *State v. McLean*, 2 N.C. App. 460, 163 S.E. 2d 125 (1968). In the trial of the case at hand all of the evidence tended to show that this was defendant's second offense of escape or attempted escape and there was no evidence to show only a first offense.

No error.

Judges MORRIS and BALEY concur.