STATE OF NORTH CAROLINA v. TAMBERLYN WARD ALDERSON, Defendant

No. COA04-1178

(Filed 20 September 2005)

**1. Drugs— possession with intent to manufacture, sell, and deliver methamphetamine—motion to dismiss—sufficiency of evidence**

The trial court did not err by denying defendant's motion to dismiss the charge of possession with intent to manufacture, sell, and deliver methamphetamine, because: (1) defendant testified that at age forty-nine, she knew she was assisting her husband in the manufacture of methamphetamine by ordering chemistry ware for him; (2) there was ample expert testimony that numerous items found within and just outside defendant's residence were consistent with the manufacture of methamphetamine; and (3) although defendant claims the 2.9 grams of methamphetamine found at her residence was for personal use, the State presented expert testimony that indicated the items found were consistent with material used in manufacturing methamphetamine and packaging controlled substances and that plastic bags such as those found at defendant's residence can be used to package controlled substances into smaller amounts for sale.

**2. Drugs— manufacturing methamphetamine within 300 feet of a school—motion to dismiss—sufficiency of evidence**

The trial court did not err by denying defendant's motion to dismiss the charge of manufacturing methamphetamine within 300 feet of a school even though defendant contends there was insufficient evidence of manufacturing at the residence where there was testimony and physical evidence that manufacturing occurred in places other than the residence, because: (1) the jury could reasonably infer from the evidence that defendant used items seized from her outbuilding, such as tubing that had methamphetamine residue, acetone, and PVP piping together with items found in her residence to manufacture methamphetamine; and (2) the State presented physical evidence seized from inside and around defendant's residence that was consistent with methamphetamine manufacturing.

**3. Evidence— expert testimony—radio scanner used for illegal activity**

The trial court did not abuse its discretion in a drug case by admitting expert testimony that a radio scanner would be used for illegal activity, because: (1) an SBI agent's testimony, concerning a police frequency book and radio scanner allowing those acting illegally to have a jumpstart if they know which police frequencies to monitor, was within her expertise and was likely to assist the jury in inferring why such evidence was important and why it was seized during a search warrant of defendant's residence for a methamphetamine laboratory; and (2) even though defendant contends allowing the agent's testimony was prejudicial error since she was qualified as an expert and her testimony would be given more weight, defendant failed to acknowledge that another investigator testified without objection regarding defendant's police frequency and call number book as well as the radio scanner.

**4. Appeal and Error— preservation of issues—failure to instruct on lesser-included offense—failure to request instruction—trial strategy**

The trial court did not commit plain error by failing to instruct the jury on lesser-included offenses of possession of methamphetamine and manufacturing methamphetamine with respect to the charges of possession with intent to manufacture, sell, and deliver methamphetamine within 300 feet of a school and manufacturing methamphetamine within 300 feet of a school respectively, because: (1) defendant is barred by N.C. R. App. P. 10(b)(2) from assigning as error the trial court's failure to instruct on lesser-included offenses when she did not request these instructions; and (2) defendant's trial strategy of withholding from the jury's consideration any lesser-included offenses should not now entitle her to relief.

Judge WYNN concurring in the result.

Appeal by defendant from a judgment entered 1 April 2004 by Judge Ronald K. Payne in Watauga County Superior Court. Heard in the Court of Appeals 17 May 2005.

*Attorney General Roy Cooper, by Assistant Attorney General, Amanda P. Little, for the State.*

*Thomas K. Maher for defendant-appellant.*

STATE v. ALDERSON

[173 N.C. App. 344 (2005)]

BRYANT, Judge.

Tamberlyn Ward Alderson (defendant) appeals from a judgment entered 1 April 2004 after unanimous jury verdicts for: (1) possession with intent to manufacture, sell, and deliver 2.9 grams of methamphetamine within 300 feet of an elementary school; (2) manufacturing methamphetamine within 300 feet of an elementary school; (3) possession of methadone; (4) possession of hydrocodone; (5) possession of morphine; (6) possession of drug paraphernalia (glass smoking device); and (7) possession of amphetamine. Defendant was sentenced to consecutive active terms of imprisonment of twenty-nine to forty-four months on the convictions relating to methamphetamine and a suspended sentence on the remaining convictions.

At trial, the State's evidence showed on 27 January 2003, an officer from the State Bureau of Investigation (SBI) Agent Lisa Edwards, and Investigators Shane Robbins and Todd Phillips from the Watauga County Sheriff's Office executed a search warrant for defendant's residence and found: drug paraphernalia (glass smoking devices) containing methamphetamine; a college chemistry book; a bag containing 2.9 grams methamphetamine; various flasks, stir bars, a graduated cylinder, a box labeled "glassware" from "Lab and Safety Supply"; receipts from "Lab and Safety Supply" to defendant's attention indicating laboratory items had been ordered; a Coca-Cola tin containing marijuana, methadone, hydrocodone, and morphine; a Crown Royal bag[1] containing 3 straws with white powder residue; rolling papers; one tube of Orajel PM; one plastic bag containing more than 40 small plastic bags; hundreds of cut matchbook striker plates; a radio scanner; a glass spoon and mirror; a police frequency book which contained a list of local law enforcement channels; a list of all Watauga County Sheriff's Officers' names with officers' radio call numbers; internet articles concerning federal wiretap laws and federal legislation involving methamphetamine laboratory operations; and numerous other materials used in the production of methamphetamine. As part of the search, officers found in and around the outbuilding the following: tubing that had methamphetamine residue; acetone (a chemical precursor to the production of methamphetamine); PVC piping; 250 milliliter, 500 milliliter, and 1000 milliliter round bottom flasks; an empty forty-count box of cone coffee filters; and an unopened pack of disposable gloves, all which Agent Edwards testified were items consistent with the manufacture of methamphetamine. Agent Edwards also found clear plastic tubing with residue of

---

1. The Crown Royal bag also contained one Equate bottle with ibuprofen tablets and Investigator Robbins made a note that the 2.9 grams ("eight ball") of methamphetamine came from this bottle.

methamphetamine and amphetamine, along with several pieces of PVC piping, that in her opinion was a hydrochloric acid generator. The State also presented evidence that a school was within 300 feet of defendant's residence.

Defendant's evidence at trial indicated: defendant's husband admitted he and defendant regularly used methamphetamine and that he had manufactured methamphetamine, but denied defendant helped him and denied manufacturing or selling methamphetamine at his home; defendant, however, admitted she assisted in the production of methamphetamine; defendant admitted retrieving internet articles concerning federal wiretap laws, federal legislation and federal punishment guidelines relating to methamphetamine labs to educate herself; defendant testified she purchased the radio scanner; and defendant admitted on the date of the search (27 January 2003) that she possessed 2.9 grams of methamphetamine and drug paraphernalia inside her residence. Defendant's husband testified his vehicle was an incomplete "mobile methamphetamine lab."

In rebuttal, the State's evidence indicated: defendant's husband testified on 30 March 2004, he plead guilty as part of a plea bargain to manufacture of a schedule II controlled substance (methamphetamine) within 300 feet of a school and possession with intent to manufacture, sell and deliver a schedule II controlled substance (methamphetamine) within 300 feet of a school along with other related charges. Notwithstanding his plea of guilty to manufacturing methamphetamine within 300 feet of a school, defendant's husband denied he had ever manufactured methamphetamine in his home.

Defendant appeals.

The issues on appeal are whether the trial court erred in: (I) denying defendant's motion to dismiss the charge of possession with intent to manufacture, sell and deliver methamphetamine; (II) not dismissing defendant's charge of manufacturing methamphetamine within 300 feet of a school; (III) admitting expert testimony that a radio scanner would be used for illegal activity; and (IV) not instructing the jury on lesser included offenses.

I

[1] Defendant first argues the trial court erred in denying her motion to dismiss the charge of possession with intent to manufacture, sell and deliver methamphetamine.

In ruling on a motion to dismiss, the issue before the trial court is whether substantial evidence of each element of the offense charged

has been presented, and that defendant was the perpetrator of the offense. *State v. Mlo*, 335 N.C. 353, 369, 440 S.E.2d 98, 105 (1994). Substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *State v. Blake*, 319 N.C. 599, 604, 356 S.E.2d 352, 355 (1987). The Court must view the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences that can be drawn from the evidence. *State v. Rose*, 335 N.C. 301, 439 S.E.2d 518 (1994), *overruled on other grounds by State v. Buchanan*, 353 N.C. 332, 543 S.E.2d 823 (2001). Therefore, it does not matter whether the State's evidence is direct, circumstantial, or both; the test for resolving a challenge to the sufficiency of the evidence is the same regardless. *Id.*

Manufacturing is broadly defined by N.C. Gen. Stat. § 90-87 (15) to include "the production, preparation, propagation, compounding, conversion, or processing of a controlled substance by any means, whether directly or indirectly, artificially or naturally, or by extraction from substances of a natural origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis [and] includes any packaging or repackaging of the substance or labeling or relabeling of its container." N.C.G.S. § 90-87 (15) (2003). Intent to sell or deliver can be inferred by the amount of the controlled substance, the manner of its packaging, along with the activities of a defendant, but no one factor is determinative. *See State v. Carr*, 122 N.C. App. 369, 373, 470 S.E.2d 70, 73 (1996).

Defendant testified, at age forty-nine, she knew she was assisting her husband in the manufacture of methamphetamine by ordering chemistry ware for him. There was ample expert testimony that numerous items found within and just outside defendant's residence were consistent with the manufacture of methamphetamine. Defendant's husband testified a "cook" usually produced about ten to fifteen grams of methamphetamine. One of the single plastic bags found at defendant's residence contained 2.9 grams of methamphetamine which defendant claims was for personal use. However, the State presented expert testimony that indicated the items found were consistent with materials used in manufacturing methamphetamine and packaging controlled substances and that plastic bags such as those found at defendant's residence can be used to "package controlled substances . . . into smaller amounts for sale." Even if we consider defendant's testimony regarding the materials found at her residence, the trial court properly denied defendant's motion to dis-

miss. *See State v. McCoy*, 303 N.C. 1, 23-24, 277 S.E.2d 515, 531 (1981) (In ruling upon a motion to dismiss, "[d]efendant's evidence may be considered insofar as it merely explains or clarifies or is not inconsistent with the [S]tate's evidence."). When viewed in the light most favorable to the State, there was substantial evidence from which a jury could reasonably find that defendant possessed methamphetamine with intent to manufacture, sell and. deliver. This assignment of error is overruled.

II

[2] Defendant next argues the trial court erred in not dismissing defendant's charge of manufacturing methamphetamine within 300 feet of a school. More particularly, defendant challenges the sufficiency of the evidence to show any manufacturing that occurred was within 300 feet of a school.

Manufacturing methamphetamine within 300 feet of an elementary school, requires that a person who is "21 years old or older, knowingly, manufacture, methamphetamine, on property . . . within 300 feet of the boundary of real property used for an elementary school or secondary school." N.C. Gen. Stat. § 90-95 (e)(8) (2003). It is not in dispute that defendant is over twenty-one years of age, the controlled substance is methamphetamine, and that defendant's residence is within 300 feet of an elementary school. Defendant argues there was not sufficient evidence of manufacturing at the residence where there was testimony and physical evidence that manufacturing occurred in places other than the residence.

Expert testimony by Agent Edwards and Investigators Robbins and Phillips showed the following items consistent with manufacturing methamphetamine were found at defendant's residence: several variations of glassware seen generally only in laboratory settings, such as flasks, a graduated cylinder, stir bars, small vials; hundreds of cut matchbook striker plates; numerous plastic bags; sludge acidic material; and tubing with duct tape. From this, the jury could reasonably infer defendant used items seized from her outbuilding, such as tubing that had methamphetamine residue, acetone (a chemical precursor to the production of methamphetamine), and PVC piping together with items found in her residence to manufacture methamphetamine.

Defendant also contends production of methamphetamine in the outbuilding was not sufficient to support a conviction because it was located more than 300 feet from the school. However, the State

presented physical evidence seized from inside and around defendant's residence that was consistent with methamphetamine manufacturing. When viewed in the light most favorable to the State, there was sufficient physical and testimonial evidence from which a reasonable juror could find that defendant manufactured methamphetamine within 300 feet of an elementary school. The trial court properly denied defendant's motion to dismiss. This assignment of error is overruled.

## III

[3] Defendant next argues the trial court erred in admitting expert testimony that a radio scanner would be used for illegal activity. Defendant contends such admission was prejudicial error requiring a new trial. We disagree.

The trial court is "afforded wide latitude of discretion when making a determination about the admissibility of expert testimony." *State v. White*, 154 N.C. App. 598, 604, 572 S.E.2d 825, 830 (2002) (quotations omitted). The trial court's decision regarding what expert testimony to admit will be reversed only for an abuse of discretion. *State v. Holland*, 150 N.C. App. 457, 461-62, 566 S.E.2d 90, 93 (2002), *cert. denied*, 356 N.C. 685, 578 S.E.2d 316 (2003).

Expert testimony is generally admitted:

If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion.

N.C. Gen. Stat. § 8C-1, Rule 702 (2003); *see also State v. O'Hanlan*, 153 N.C. App. 546, 551, 570 S.E.2d 751, 755 (2002), *cert. denied*, 358 N.C. 158, 593 S.E.2d 397 (2004).

Here, SBI Agent Lisa Edwards was admitted as an expert in drug chemistry and she testified to her training in basic law enforcement and drug enforcement. She also testified regarding her training in clandestine laboratory investigation and to her work on tens of thousands of drug cases. In this case, Agent Edwards was called in to help with the clandestine laboratory investigation. At trial, she was allowed to give her opinion as to why the seizure of defendant's police frequency book was important, testifying that finding a police frequency book and a radio scanner can indicate those acting illegally

may have a "jumpstart" if they know which police frequencies to monitor. This testimony was within Agent Edwards' expertise and was likely to assist the jury in inferring why such evidence was considered important and why it was seized during a search warrant of defendant's residence for a methamphetamine laboratory. Defendant asserts the trial court committed prejudicial error by admitting Agent Edwards' testimony because her opinion would be given more weight since she qualified as an expert. It is ultimately for the jury "to weigh the evidence, determine the credibility of the witnesses and the probative force to be given their testimony." *State v. Martin*, 6 N.C. App. 616, 617, 170 S.E.2d 539, 540 (1969).

Moreover, we note that defendant fails to acknowledge Investigator Robbins testified without objection regarding defendant's police frequency and call number book as well as the radio scanner, stating that the items are used such that "if they were involved in criminal activity they would know we were in the area and they could cease that activity or try to conceal that activity. If we were going to do a raid . . . perhaps give them warning prior to our arrival." "Where evidence is admitted over objection and the same evidence has been previously admitted . . ., the benefit of the objection is lost." *State v. Alford*, 339 N.C. 562, 570, 453 S.E.2d 512, 516 (1995). This assignment of error is overruled.

IV

[4] Defendant argues the trial court committed plain error by not instructing the jury on lesser included offenses of possession of methamphetamine and manufacturing methamphetamine with respect to the charges of possession with intent to manufacture, sell and deliver methamphetamine within 300 feet of a school and manufacturing methamphetamine within 300 feet of a school, respectively. Defendant concedes that while he did not object at trial to the jury instructions, he now seeks this Court's plain error review.

When a defendant does not request instructions on lesser offenses she "is barred by Rule 10(b)(2) of the North Carolina Rules of Appellate Procedure from assigning as error the trial court's failure to instruct the jury on lesser[]included offenses supported by evidence at trial." *State v. Collins*, 334 N.C. 54, 61, 431 S.E.2d 188, 193 (1993).

Defendant did not object to the jury instructions at trial and now argues that the 2.9 grams of methamphetamine found in her home

was for personal use. She contends no manufacturing of methamphetamine occurred at their residence (within 300 feet of an elementary school), and therefore the jury could have convicted defendant of the lesser included offenses of possession of methamphetamine and manufacturing methamphetamine. For these reasons defendant argues she is entitled to plain error review. We disagree.

The plain error rule must be applied cautiously and only in exceptional cases. *State v. Cummings*, 352 N.C. 600, 636, 536 S.E.2d 36, 60 (2000); *State v. Davis*, 349 N.C. 1, 29, 506 S.E.2d 455, 470 (1998). "It is the rare case in which an improper instruction will justify reversal of a criminal conviction when no objection has been made in the trial court." *Henderson v. Kibbe*, 431 U.S. 145, 154, 52 L. Ed. 2d 203, 212 (1977). Here, it is clear defendant's trial strategy was to have the jury consider only two possible verdicts on each offense without the option of a verdict on a lesser included offense. However, defendant's trial strategy of withholding from the jury's consideration any lesser included offenses should not now entitle her to relief. *See State v. Liner*, 98 N.C. App. 600, 391 S.E.2d 820 (defendant who voluntarily waives right to have trial court submit possible verdicts of lesser included offense may not thereafter assign as error on appeal trial court's failure to do so, even though evidence would support same), *disc. rev. denied*, 327 N.C. 435, 395 S.E.2d 693 (1990). Accordingly, defendant's assignment of error is overruled.

No error.

Judge JACKSON concurs.

Judge WYNN concurs in result only.

WYNN, Judge concurring in the result.

Under N.C. Gen. Stat. § 8C-1, Rule 702(a) (2004), an expert may present an opinion based upon his or her specialized knowledge if that opinion assists the trier of fact. In this case, I believe the trial court erred by allowing the expert in drug chemistry to testify, as an expert witness, about the use of a radio scanner and a police frequency book. However, I agree with the majority that the admission of this evidence was harmless under the facts of this case.

Rule 702(a) of the North Carolina Rules of Evidence provides that:

> If scientific, technical or other specialized knowledge will *assist the trier of fact to understand the evidence* or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion.

N.C. Gen. Stat. § 8C-1, Rule 702(a) (emphasis added). If a trier of fact has the same knowledge about the evidence or use of the evidence as the "expert" witness, then that witness is not properly giving an "expert" opinion but merely a lay opinion. *See* N.C. Gen. Stat. § 8C-1, Rule 701 (2004).

In this case, SBI Agent Lisa Edwards, an expert in drug chemistry, testified, as an expert witness, about the use of a radio scanner and a police frequency book. Agent Edwards testified that the radio scanner and police frequency book were used to monitor "air traffic that is going on between officers[,]" and gave Defendant a "jumpstart" if "the law [] is coming their way[.]"

Agent Edwards' opinion is not based on scientific, technical, or other specialized knowledge that would be unknown to the average juror. Therefore, Agent Edwards' opinion on the use of the radio scanner and police frequency book should not have been admitted as an expert opinion, but as a lay witness opinion. *State v. Chavis*, 141 N.C. App. 553, 565, 540 S.E.2d 404, 413 (2000) ("To qualify as an expert, the witness need only be 'better qualified than the jury as to the subject at hand.' " (quoting *State v. Davis*, 106 N.C. App. 596, 601, 418 S.E.2d 263, 267 (1992), *disc. review denied*, 333 N.C. 347, 426 S.E.2d 710 (1993))). Accordingly, the trial court abused its discretion in allowing Agent Edwards to testify as an expert witness with regard to the radio scanner and police frequency book. *State v. Holland*, 150 N.C. App. 457, 461-62, 566 S.E.2d 90, 93 (2002), *cert. denied*, 356 N.C. 685, 578 S.E.2d 316 (2003).

However, while Defendant objected to Agent Edwards' testimony, he failed to object to Officer Robbins' testimony as an expert witness about the radio scanner and police frequency book. Thus, the trial court's error in allowing Agent Edwards' expert testimony was harmless, as the same expert opinion had previously been entered into evidence. *State v. Alford*, 339 N.C. 562, 570, 453 S.E.2d 512, 516 (1995) ("Where evidence is admitted over objection and the same evidence has been previously admitted or is later admitted without objection, the benefit of the objection is lost.").