An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-922

NORTH CAROLINA COURT OF APPEALS

Filed: 4 March 2014

STATE OF NORTH CAROLINA

v.

ANTHONY DARRELL LONG

Mecklenburg County
No. 07 CRS 238137-38, 238140

Appeal by defendant from judgments entered 20 February 2013 by Judge C. Thomas Edwards in Mecklenburg County Superior Court. Heard in the Court of Appeals 22 January 2014.

*Roy Cooper, Attorney General, by Gary R. Govert, Assistant Solicitor General, for the State.*

*Cheshire Parker Schneider & Bryan, PLLC, by John Keating Wiles, for defendant-appellant.*

STEELMAN, Judge.

Where defendant raised a diminished capacity defense, the trial court did not err in allowing an examining psychiatrist, presented as part of the State's rebuttal evidence, to testify as to defendant's statements upon which her opinion was based. This testimony did not implicate defendant's Fifth Amendment rights concerning self-incrimination. The trial court did not

err in refusing to charge the jury on the lesser offense of voluntary manslaughter.

## I. Factual and Procedural Background

Anthony Darrell Long (defendant) and Sonia Long (wife) were married in 2000. As of 16 August 2007, however, defendant and wife had separated, and wife was living with her boyfriend, Roderick Phillips (Phillips).

On 16 August 2007, wife, with Phillips and his son Daniel, drove to defendant's home in Charlotte to pick up some paperwork. Wife entered the home while Phillips remained in the car. After waiting about forty-five minutes, Phillips approached the door; defendant answered, and informed Phillips that wife would be out shortly. Phillips returned to his car, and shortly thereafter defendant emerged from the house, urging Phillips to rush inside, informing him that wife needed his help. Phillips, with Daniel, followed defendant into the home. As Phillips entered the master bedroom, he felt defendant strike him in the back with something; he turned and saw defendant come at him and Daniel with a knife. Phillips fled with Daniel. He did not see wife inside the home.

Police arrived at the home, and discovered wife, almost completely nude, with a black leather belt tightened around her

neck. She was pronounced dead. Forensic examination showed recent sexual contact.

Defendant was charged with the first-degree murder of wife, attempted first-degree murder of Phillips, assault with a deadly weapon with intent to kill as to Phillips, and second-degree sexual offense as to wife.[1]

Prior to trial, defendant gave notice of his intent to raise a defense of diminished capacity. The trial court ordered that defendant submit to a psychological examination by Dr. Nicole Wolfe. Defendant presented two expert witnesses who testified on the issue of diminished capacity, Drs. Moire Artigues and Dan Chartier. Dr. Wolfe testified as to her report during the State's rebuttal presentation.

The jury found defendant guilty of first-degree murder based upon premeditation and deliberation, and felony murder based upon the sex offense; the jury also found defendant guilty on all other charges. The trial court sentenced defendant to life imprisonment without parole for first-degree murder, followed by a consecutive term of 100-129 months for second-degree sexual offense, followed by a consecutive term of 151-191

---

[1] Defendant was also charged with second-degree rape. This charge was dismissed by the State.

months for attempted murder. The trial court arrested judgment on the assault conviction.

Defendant appeals.

## II. Admission of Statements Made During Examination

In his first argument, defendant contends that the trial court erred in admitting statements made by him during a psychological examination into evidence. We disagree.

## A. Standard of Review

"[T]he trial judge is afforded wide latitude of discretion when making a determination about the admissibility of expert testimony." *State v. Bullard,* 312 N.C. 129, 140, 322 S.E.2d 370, 376 (1984). "The trial court's decision regarding what expert testimony to admit will be reversed only for an abuse of discretion." *State v. Alderson*, 173 N.C. App. 344, 350, 618 S.E.2d 844, 848 (2005).

## B. Analysis

Prior to trial, defendant gave notice of his intent to raise a defense of diminished capacity. The trial court ordered defendant to submit to a psychological examination by Dr. Nicole Wolfe. Prior to Dr. Wolfe's testimony at trial, but subsequent to the testimony of defendant's experts, defendant raised the following objection:

I would certainly object to any statements made by Mr. Long in this case from Dr. Wolfe's interviews that were conducted during January when I was actually there.

. . .

Certainly we don't object to the state asking what questions were asked. We would just object to quotations on what Mr. Long said in response to those questions by Dr. Wolfe on those different interviews that happened this January.

The trial court held that "the statements may be received for the limited purposes of establishing the basis for Dr. Wolfe's opinion as to the defendant's medical status and for no other purpose." The trial court further held that "the objections to Dr. Wolfe's report in their entirety, then, are overruled."

Dr. Wolfe testified that defendant informed her that he had not been hearing voices or seeing hallucinations on 16 August 2007. She then testified that defendant informed her that he was "feeling frustrated, confused" that day, that he "had started drinking again that week," and that "he hadn't been exercising, playing with his kids, and that he was having occasional violent sporadic thoughts of things such as dogs biting, dragons fighting, thoughts of sometimes when his mom used to beat him, and even thoughts of various plane crashes or

train crashes." Dr. Wolfe then testified that defendant informed her that, on 16 August 2007, "he had knocked [wife] to the ground and she did not appear to be resisting, and that he took her clothes off, had sex with her both vaginally and anally, and that he estimated that the sexual act lasted somewhere between five and ten minutes." Defendant repeatedly objected to this testimony, and the trial court consistently overruled the objections.

On appeal, defendant contends that this testimony violated his privilege against self-incrimination pursuant to the Fifth Amendment of the United States Constitution. However, we have previously held that:

> When a defendant attempts to establish a diminished capacity defense and introduces expert testimony regarding his mental status, the State may then introduce expert testimony derived from prior court-ordered psychiatric examinations in order to rebut that testimony without implicating the fifth amendment of the U.S. Constitution or Article I, Section 23 of the North Carolina Constitution.

*State v. Clark*, 128 N.C. App. 87, 94, 493 S.E.2d 770, 774 (1997). In *Clark*, we cited to our Supreme Court's decision in *State v. Huff*, 325 N.C. 1, 381 S.E.2d 635 (1989), *vacated on other grounds*, 497 U.S. 1021, 111 L.Ed.2d 777 (1990), in which

[O]ur Supreme Court specifically addressed

> the constitutional propriety of multiple psychiatric examinations when used by the State for the purpose of rebutting a defendant's assertion of the insanity defense. There, the Court held that "a fair opportunity to rebut may include more than one examination of defendant."

*Clark*, 128 N.C. App. at 94, 493 S.E.2d at 774 (quoting *Huff,* 325 N.C. at 47, 381 S.E.2d at 661). Our holding in *Clark* is explicit. Where a defendant raises a defense of diminished capacity, and expert testimony regarding his mental state is introduced, no Fifth Amendment privilege is implicated. In the instant case, Dr. Wolfe's testimony was introduced to rebut the testimony of defendant's experts. The trial court explicitly limited the jury's consideration of Dr. Wolfe's testimony to "the purpose of showing intent and motive, as well as for the purpose of establishing the basis for the formulation of mental-health diagnosis." The jury was not to consider defendant's statements during Dr. Wolfe's examination for the purpose of determining guilt or innocence.

We hold that the trial court did not abuse its discretion in admitting Dr. Wolfe's rebuttal testimony concerning statements by defendant, made pursuant to her examination of defendant, which formed the basis of her opinion of defendant's mental state.

This argument is without merit.

## III. Refusal of Trial Court to Charge on Voluntary Manslaughter

In his second argument, defendant contends that the trial court erred in declining to instruct the jury upon the lesser included offense of voluntary manslaughter.  We disagree.

### A. Standard of Review.

"An instruction on a lesser-included offense must be given only if the evidence would permit the jury rationally to find defendant guilty of the lesser offense and to acquit him of the greater." *State v. Millsaps*, 356 N.C. 556, 561, 572 S.E.2d 767, 771 (2002).

### B. Analysis

During the jury charge conference, defendant requested that the trial court instruct the jury on the lesser included offense of involuntary manslaughter.  Defendant cited, as evidence supporting this charge, Dr. Wolfe's testimony regarding what defendant had told her about "the poking in the chest and the words you'll never see your children again or something to that effect."  The trial court declined to give the instruction, holding that those statements – as per defendant's earlier

motion – were not to be considered as evidence of guilt or innocence.

A "killing committed in the heat of passion suddenly aroused by adequate provocation . . . is voluntary manslaughter." *State v. Huggins*, 338 N.C. 494, 497, 450 S.E.2d 479, 481 (1994) (citations and quotations omitted). However, "[m]ere words, however abusive or insulting[,] are not sufficient provocation to negate malice and reduce the homicide to manslaughter. Rather, this level of provocation must ordinarily amount to an assault or threatened assault by the victim against the perpetrator." *Id*. at 498, 450 S.E.2d at 482 (citations omitted).

In the instant case, defendant cites, as evidence of provocation, statements that wife poked defendant, and taunted him that she would keep his children away. We recognize that the trial court issued a limiting instruction that the statements constituting this evidence would be admitted solely to establish the basis for Dr. Wolfe's report, and not for the purpose of determining guilt or innocence. Even assuming *arguendo* that this limiting instruction had not issued, however, there was no evidence of adequate provocation sufficient to support an instruction on voluntary manslaughter. We hold that

the trial court did not err in declining to instruct the jury on the lesser included offense of voluntary manslaughter.

This argument is without merit.

NO ERROR.

Judges STEPHENS and DAVIS concur.

Report per Rule 30(e).