GORDON P. HAMILTON v. ALVIN LEON JOSEY AND MAINTENANCE SUPPLY CO., INC.

(Filed 22 November, 1967.)

1. **Automobiles § 88—**

    The evidence tended to show that defendant, traveling south and faced with a blinking red light, entered the intersection without stopping, and that plaintiff, traveling east and faced with a blinking yellow light, entered the intersection without stopping, and struck defendant's vehicle on the right side near the rear wheels, in the southwest quadrant of the intersection. *Held:* It was not error for the court to submit the issue of plaintiff's contributory negligence.

2. **Automobiles § 19—**

    A motorist faced with a blinking yellow light has the right to enter the intersection with caution.

3. **Automobiles § 90—**

    The court's instruction in this automobile intersection accident case *held* properly to have charged the jury on the questions arising on the evidence in regard to negligence, contributory negligence, the burden of proof, proximate cause and sudden emergency.

APPEAL by plaintiff from *Froneberger, J.,* May 15, 1967 Schedule "C" Civil Session, MECKLENBURG Superior Court.

The plaintiff instituted this civil action to recover for personal injuries and property damage he sustained as a result of a collision between the plaintiff's Plymouth automobile, driven by Jon C. Mullis, and a GMC truck, owned by Maintenance Supply Co., Inc., and driven by its agent, Alvin Leon Josey. The collision occurred at the intersection of West Ninth Street and North Smith Street in Charlotte.

The plaintiff approached the intersection from the West on Ninth Street. The truck approached the intersection from the North on Smith Street. At the intersection, a blinking yellow traffic light was in operation on Ninth Street. A blinking red traffic light was in operation on Smith Street. Both streets were hard surfaced.

The truck entered the intersection without stopping, and the Plymouth likewise failed to stop. The two vehicles collided at a point near the street corner in the Southwest quadrant of the intersection. The left front of the Plymouth struck the truck on its right side near the rear wheels. The two vehicles moved about 5 feet after the impact and stopped in contact with each other. The rear of the truck failed to clear the intersection by about 4 feet. Only the front of the Plymouth entered the intersection. Skidmarks extended backward from the Plymouth for several feet on Ninth Street.

Both parties introduced evidence. The plaintiff's witness, Roy E. Wilson, traffic investigator of the City Police Department, arrived at the scene of the accident shortly after it occurred, and before either vehicle had been removed. He prepared a chart depicting the physical conditions at the intersection which he used to illustrate his testimony. The chart was introduced by the plaintiff as his Exhibit A and is filed with the record on appeal.

The plaintiff alleged the defendant was negligent by entering the intersection without stopping as he was required to do by the blinking red light. The defendant alleged the plaintiff was contributorily negligent by driving too fast, by not keeping a proper lookout, by not having his vehicle under proper control, and in entering when the defendant's truck was already in the intersection. Each alleged the details of the other's negligent acts. The evidence was sufficient to raise jury questions on the issues of negligence and contributory negligence. The jury found the defendant was negligent and "the plaintiff, by his own negligence, contributed to his injuries and damages". From the judgment that the plaintiff recover nothing and his action be dismissed at his cost, the plaintiff appealed.

*John D. Warren for plaintiff appellant.*

*Carpenter, Webb & Golding by John G. Golding for defendant appellee.*

PER CURIAM. The evidence in the light of plaintiff's Exhibit A clearly discloses that the collision occurred in the Southwest quadrant of the intersection when the defendant's truck was leaving and the plaintiff's Plymouth was entering the intersection. The evidence warranted the jury in finding both drivers negligent. The record does not sustain plaintiff's contention the Court committed error in submitting the issue of contributory negligence.

The plaintiff's other assignments of error relate to the Court's charge on the issue of contributory negligence. The defendant had pleaded the plaintiff's speed, failure to keep a proper lookout, to have his vehicle under control, and to yield the right-of-way to the defendant's truck, which was already in the intersection before the plaintiff entered.

The Court charged the jury that the burden of proof on the contributory negligence issue rested on the defendant and an affirmative answer on that issue required the jury to find, by the greater weight of the evidence, that the plaintiff was guilty of one or more of the negligent acts specified in the further defense, and, in addition, should find, by the greater weight of the evidence, that such act or acts constituted a proximate cause of the accident. A failure so to find by the greater weight of the evidence required a negative answer. The Court charged that the yellow blinking light facing plaintiff's driver gave him the right to enter the intersection with caution. The Court charged on sudden emergency, instructing the jury that the plaintiff's driver had the right to proceed through the yellow light with caution and to rely on other motorists to stop at the red light, and if the defendant failed to stop at the red light, and the failure created a sudden emergency, the plaintiff's driver should be judged in the light of that emergency.

The issues in the case were the usual ones involving intersection collisions. Was the defendant negligent? Was the plaintiff contributorily negligent? Were both negligent? The jury, after hearing the evidence, argument of counsel, and the charge of the Court which, when considered contextually, is free from error, decided both drivers were at fault.

In the verdict and judgment thereon, we find.

No error.