STATE OF NORTH CAROLINA v. HERMAN LESLIE DAVIS, Defendant

No. 914SC606

(Filed 7 July 1992)

1. **Constitutional Law § 180 (NCI4th)— acquittal of kidnapping boy—hung jury on charges involving girl—retrial—double jeopardy—collateral estoppel**

    Where defendant was acquitted in his first trial for second degree kidnapping of a boy, and the jury was unable to agree on charges of first degree kidnapping of a girl arising from the same incident, attempted first degree rape of the girl, and taking indecent liberties with the girl, defendant cannot complain that the doctrines of double jeopardy and collateral estoppel prohibited his retrial on the charge of kidnapping the girl where defendant was acquitted of that charge in his second trial. Furthermore, neither double jeopardy nor collateral estoppel prohibited defendant's retrial on the attempted rape and indecent liberties charges since a retrial following a "hung jury" does not violate the double jeopardy clause, those crimes do not require proof of the same elements as the kidnapping charges, and no issue of ultimate fact as to attempted rape or indecent liberties was determined by a final judgment in the first trial.

    **Am Jur 2d, Criminal Law § 303.**

    **Propriety of court's dismissing indictment or prosecution because of failure of jury to agree after successive trials. 4 ALR4th 1274.**

2. **Evidence and Witnesses § 2333 (NCI4th)— school psychologist—qualification as expert**

    A school psychologist was qualified to testify as an expert in a kidnapping, attempted rape and indecent liberties trial where the evidence showed that she has a masters degree in clinical psychology and is a licensed psychological associate; she has been employed five years as a school psychologist; and she has worked with adult and child victims of incest, rape and molestation.

    **Am Jur 2d, Expert and Opinion Evidence § 56.**

3. **Evidence and Witnesses § 2337 (NCI4th)— expert testimony— credibility of child victim—absence of prejudice**

Even if a school psychologist's testimony concerning notes she had written after sessions with the child victim of attempted rape and indecent liberties constituted inadmissible expert testimony on the credibility of the victim, the admission of such testimony was not prejudicial error where the State's case against defendant did not hinge upon the victim's credibility.

**Am Jur 2d, Expert and Opinion Evidence § 26.**

4. **Evidence and Witnesses § 2327 (NCI4th)— PTSD testimony— failure to give limiting instruction—harmless error**

The trial court erred in admitting expert opinion testimony that an attempted rape and indecent liberties victim suffers from PTSD without giving an instruction limiting the jury's consideration of this testimony to corroborative purposes. However, this error was not prejudicial where there was strong and convincing testimony from the victim's brother which corroborated the victim's testimony.

**Am Jur 2d, Expert and Opinion Evidence § 33.**

5. **Evidence and Witnesses § 670 (NCI4th)— limiting objections— allowance of continuing objection**

The trial court did not improperly limit defense counsel's objections to the prosecutor's cross-examination of a witness where the trial court granted defendant a continuing objection.

**Am Jur 2d, Evidence § 267.**

6. **Evidence and Witnesses § 265 (NCI4th)— defendant's reputation for truthfulness—admissibility**

Two police officers were properly permitted to testify about defendant's reputation for truthfulness, which was at issue because defendant's testimony contradicted·that of the State's two chief witnesses.

**Am Jur 2d, Evidence § 346.**

7. **Evidence and Witnesses § 2540 (NCI4th)— intellectually limited children—competency to testify**

Two children were not incompetent to testify because they were intellectually limited where both children stated

STATE v. DAVIS

[106 N.C. App. 596 (1992)]

that they knew the difference between truth and falsehood and both swore to tell the truth. N.C.G.S. § 8C-1, Rule 601(b).

**Am Jur 2d, Witnesses § 210.**

**Witnesses; child competency statutes. 60 ALR4th 369.**

APPEAL by defendant from judgment entered 15 October 1990 by *Judge Henry L. Stevens, III,* in SAMPSON County Superior Court. Heard in the Court of Appeals 19 February 1992.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Jane Rankin Thompson, for the State.*

*Mitchell & Ratliff, by Ernest E. Ratliff, for the defendant-appellant.*

LEWIS, Judge.

Defendant was convicted by a jury of one count of taking indecent liberties with a minor, and one count of attempted first degree rape. Defendant was acquitted, at two separate trials, of two counts of kidnapping. The trial court sentenced defendant to active prison terms for his convictions. Defendant appeals the judgments.

The evidence at trial tended to show that on the afternoon of 23 January 1990, two young children, one a nine year old female and the second her eleven year old male cousin, were walking around in Clinton, visiting and passing by various establishments. After the children left a local convenience store, the defendant grabbed both of them and pulled them behind the store. The defendant told the girl in graphic and vulgar language that he intended to have sexual relations with her. The defendant then proceeded to unzip and place his hand inside the female child's pants; he then fondled the girl's private parts. The boy kicked the defendant and fled; the girl bit defendant on the hand and made her escape. She told her mother what had happened and later identified the defendant as her attacker.

Defendant was first brought to trial in June 1990. The jury acquitted him of second degree kidnapping of the boy; the jury was unable to agree on the other charges of first degree kidnapping of the girl, attempted first degree rape of the girl, and taking indecent liberties with a minor as to the girl. Defendant's second

**STATE v. DAVIS**

[106 N.C. App. 596 (1992)]

trial on these three charges commenced on 15 October 1990, resulting in his conviction on all but the remaining kidnapping charge as to the girl, of which he was acquitted.

[1] Defendant first asserts that the trial court erred by not dismissing the charges for which he was tried at the second trial because of the constitutional doctrines of double jeopardy and collateral estoppel. Defendant contends that all charges against him arose out of a single occurrence; specifically, that testimony showed that defendant grabbed both children *at the same time* and pulled them *at the same time* behind the store. Thus, defendant reasons, the State has violated his Fifth Amendment right to avoid double jeopardy by trying him for kidnapping the girl when for this offense it had to prove the same conduct for which he was tried and acquitted for kidnapping the boy. *See Grady v. Corbin*, 495 U.S. 508, 109 L.Ed. 2d 548, 110 S. Ct. 2084 (1990).

The United States Supreme Court, in *Blockburger v. United States*, 284 U.S. 299, 76 L.Ed. 306, 52 S. Ct. 180 (1932), held that the Fifth Amendment prohibits successive prosecutions for the same criminal act under more than one criminal statute when proof of only one set of facts would suffice for all. In *Grady*, the Court held that subsequent prosecutions were prohibited if to establish "an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted." *Grady*, 495 U.S. at 510, 109 L.Ed. 2d at 557. We hold that defendant's second trial did not violate these principles.

First, defendant was charged with two separate counts of kidnapping, one as to the boy, the other as to the girl. Defendant was acquitted of both. After the outcome of the first trial, no more charges against defendant with relation to the boy remained. In the second trial, the kidnapping charge was relative to the *girl*, and defendant was acquitted of this charge as well. Defendant has nothing left to complain about with respect to the kidnapping charges.

The offenses of attempted first degree rape and taking indecent liberties with children do not require proof of the same elements as were necessary in the kidnapping charges. Or, as our Supreme Court long ago put it, "One cannot be put twice in jeopardy for the *same offense*. When some indispensable element in one charge is not required to be shown in the other, they are not the same

offense." *State v. Hooker*, 145 N.C. 581, 584, 59 S.E. 866, 867 (1907) (emphasis in original); *see also State v. Edwards*, 310 N.C. 142, 310 S.E.2d 610 (1984).

As to the other charges, the jury was unable to agree on a verdict, and a mistrial resulted. The United States Supreme Court has "constantly adhered to the rule that a retrial following a 'hung jury' does not violate the Double Jeopardy Clause." *Richardson v. United States*, 468 U.S. 317, 324, 82 L.Ed. 2d 242, 250, 104 S. Ct. 3081 (1984). This rule is applicable here.

As a final point in defendant's first assignment of error, we address his collateral estoppel argument. Defendant contends that the United States Supreme Court case of *Ashe v. Swenson*, 397 U.S. 436, 25 L.Ed. 2d 469, 90 S. Ct. 1189 (1970) controls. There the doctrine of collateral estoppel was held to be a part of the double jeopardy clause. In *Ashe*, armed and masked people robbed six men as the men played poker. The defendant was charged with seven separate offenses stemming from the robbery but was acquitted in a trial for the robbery of one of the poker players. He was then brought to trial again for robbing a second poker player, and was found guilty. The Supreme Court held that the second trial, wherein the State relitigated the issue of whether the defendant was the perpetrator of the crimes, was unconstitutional under the federal rule of collateral estoppel. Defendant in the present case asserts that *Ashe* controls here. However, for the same reasons that we reject defendant's double jeopardy claim, we reject his collateral estoppel claim.

According to our Supreme Court, "Under the doctrine of collateral estoppel, an *issue* of ultimate fact, once determined by a valid and final judgment, cannot again be litigated between the same parties in any future lawsuit." *State v. Edwards*, 310 N.C. 142, 145, 310 S.E.2d 610, 613 (1984) (emphasis in original). As we have already noted, defendant's second trial resulted in an acquittal for kidnapping the girl. We see nothing about which the defendant can complain. The "ultimate issue" determined was not as to the other charges. The jury found that the State had not proved the allegations of kidnapping beyond a reasonable doubt. Apropos the other charges, we again note that no issue of ultimate fact as to attempted rape or indecent liberties was determined by a "valid and final judgment" in the first trial. The jury was hung; *Richardson*, not *Ashe*, controls and the protections of the

STATE v. DAVIS

[106 N.C. App. 596 (1992)]

double jeopardy clause and collateral estoppel are inapplicable. We overrule defendant's first assignment of error.

Defendant next assigns as error the trial court's permitting the young male victim to testify at defendant's second trial. Defendant argues that this was doubly error because it violated the principles of double jeopardy and collateral estoppel, and also because it was unduly prejudicial under N.C.G.S. § 8C-1, Rule 403 (1988). We find none of these arguments persuasive, particularly since the boy's testimony was used as eyewitness evidence of what occurred on 23 January 1990.

We reject defendant's double jeopardy and collateral estoppel argument for the reasons stated above. As for defendant's argument that the boy's testimony was unduly prejudicial, we note that the exclusion of evidence is a matter left to the sound discretion of the trial judge. *State v. Coffey*, 326 N.C. 268, 389 S.E.2d 48 (1990). Defendant offers no real support for his contention that this evidence was unduly prejudicial; he does list other alleged child sex abusers, and maintains that the boy's testimony unfairly links defendant to them and to the "most sensitive subject in jurisprudence today." We hold that under Rule 403, the eyewitness testimony of the boy was relevant and its probative value outweighs any possible prejudice.

[2] Defendant's next assignment of error concerns the testimony of a Ms. Walters, a school psychologist. Defendant contends that this witness was not qualified to testify as an expert, that her testimony improperly commented on the credibility of the complaining witness, and that the testimony was unduly prejudicial. Under N.C.G.S. § 8C-1, Rule 702 (1988), for her testimony to be admissible as expert testimony, the witness must be qualified by "knowledge, skill, experience, training, or education." North Carolina case law requires only that the expert be better qualified than the jury as to the subject at hand, with the testimony being "helpful" to the jury. *State v. Huang*, 99 N.C. App. 658, 663, 394 S.E.2d 279, 282, *disc. rev. denied*, 327 N.C. 639, 399 S.E.2d 127 (1990). Whether the witness qualifies as an expert is exclusively within the trial judge's discretion, *id.*, (citation omitted), "and is not to be reversed on appeal absent a complete lack of evidence to support his ruling." *State v. Howard*, 78 N.C. App. 262, 270, 337 S.E.2d 598, 603 (1985), *disc. rev. denied*, 316 N.C. 198, 341 S.E.2d 581 (1986).

The evidence shows that Ms. Walters has a masters degree in clinical psychology, and is a licensed psychological associate. During *voir dire* examination, Ms. Walters testified that she had been employed for five years as the school psychologist in Clinton City, North Carolina, and in her practice has worked with adult and child survivors of incest, rape, and molestation. Given her education and experience, Ms. Walters was well qualified to testify as an expert, and her testimony was properly admitted as expert testimony. *Id.* at 270, 337 S.E.2d at 604.

[3] Defendant further contends that Ms. Walters' testimony, which included her reading aloud notes which she had written after sessions with the victim, constituted inadmissible expert testimony on the credibility of the complaining witness. While it is true that in North Carolina expert testimony on the credibility of a witness is inadmissible, *see, e.g., State v. Hall*, 98 N.C. App. 1, 11, 390 S.E.2d 169, 174 (1990), *rev'd on other grounds*, 330 N.C. 808, 412 S.E.2d 883 (1992); N.C.G.S. § 8C-1, Rules 405(a), 608 (1988), the defendant must show prejudicial error. Defendant has shown no prejudicial error here. "Our courts have found prejudicial error when the State's case against the defendant hinged almost entirely on the credibility of the victim." *Hall*, 98 N.C. App. at 11, 390 S.E.2d at 174 (citations omitted). That is not the situation here.

[4] We find it necessary to address the content of Ms. Walters' testimony. Ms. Walters testified on direct examination that she was familiar with post-traumatic stress disorder [PTSD] as a medical condition. She went on to explain the disorder, its causes and symptoms. She was asked by counsel whether in her opinion the victim in this case suffers from PTSD, to which Ms. Walters responded "Yes." Counsel then asked Ms. Walters if she was aware of symptoms and characteristics typically exhibited by sexually abused children. Ms. Walters answered affirmatively, then proceeded to testify that she believed the victim exhibited symptoms consistent with the behavior of sexually abused children. Defense counsel made repeated objections to this line of testimony. The trial court allowed the testimony, and gave no limiting instruction.

The defendant relies on a recent Supreme Court decision, *State v. Hall*, 330 N.C. 808, 412 S.E.2d 883 (1992), to argue that this testimony was admitted in error. Expert testimony relating to PTSD is admissible evidence in North Carolina. *Id.* at 819, 412 S.E.2d at 889; *State v. Jones*, 105 N.C. App. 576, 414 S.E.2d 360

(1992). However, our Supreme Court has held that the admissibility of this evidence is not unlimited. *Hall*, 330 N.C. at 821, 412 S.E.2d at 890.

The Supreme Court recognizes that testimony that a victim suffers from or has symptoms consistent with PTSD has substantial potential for prejudice against the defendant. *Id.* This evidence, then, will be admitted only for certain corroborative purposes. *Id.* Permissible uses for testimony that a person suffers from PTSD include assisting in corroborating the victim's story, explaining delays in reporting the crime, or refuting a defense of consent. *Id.* at 822, 412 S.E.2d at 891. If the probative value of the evidence outweighs the risk of prejudice under N.C.G.S. § 8C-1, Rule 403, the evidence may be admitted. However,

> [i]f admitted, the trial judge should take pains to explain to the jurors the limited uses for which the evidence is admitted. In no case may the evidence be admitted substantively for the sole purpose of proving that a rape or sexual abuse has in fact occurred.

*Id.*

The case at bar is similar to a recent decision by this Court, *State v. Jones*, 105 N.C. App. 576, 414 S.E.2d 360 (1992). In that case, like this one, the trial court failed to give a limiting instruction to the jury to use the evidence for any particular purpose. Therefore, this Court concluded that, because a limiting instruction was absent and because the law at the time of the case permitted it, the evidence was admitted for substantive purposes. *Id.* at 580-81, 414 S.E.2d at 363; *see also State v. Hall*, 98 N.C. App. 1, 390 S.E.2d 169 (1990), *rev'd*, 330 N.C. 808, 412 S.E.2d 883 (1992). Given the Supreme Court's *Hall* decision, this Court held the unlimited admission of the evidence to be in error. *Jones*, 105 N.C. App. at 581, 414 S.E.2d at 363. In this case, we hold as well that the unlimited admission of Ms. Walters' testimony concerning the victim's symptoms of PTSD was in error as no limiting instruction was given. However, not every creek which rises overflows.

We next examine whether the error was prejudicial. According to N.C.G.S. § 15A-1443 (1988), a defendant is prejudiced by errors "when there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial." *See State v. Martin*, 322 N.C. 229, 238-39, 367 S.E.2d

618, 624 (1988). In *Jones*, this Court held the error to be prejudicial, because there was a "reasonable possibility that had the trial court not admitted [the counselor's] testimony for substantive purposes, a different result would have been reached at the defendant's trial." *Jones*, 105 N.C. App. at 581, 414 S.E.2d at 363.

We distinguish this case from *Jones*. Here we have strong and convincing eyewitness evidence that corroborates the testimony of the victim. Here, the State's primary evidence consisted of the victim's and the boy's testimony, and the corroborative testimony of a police officer, a detective, and the psychologist, Ms. Walters. The boy, who was eleven at the time the alleged incident occurred, testified that he heard defendant say he was going to have sexual intercourse with the female child, and he saw the defendant unzip the girl's pants, place his hands within, and "rub" her privates. Given this strong testimony, we do not find the admission of Ms. Walters' testimony to be prejudicial error.

[5] Defendant's next assignment of error concerns the trial court's limiting counsel's objections to questions asked on cross-examination. Defendant argues that the basis for counsel's objections was that the trial court permitted the prosecution to inquire into defendant's prior bad acts. However, the record reflects that defendant takes issue with the trial judge's limiting counsel's frequent objections. It is significant, however, that in so doing, the trial court granted defendant a continuing objection. It appears to this Court that the trial court was simply attempting to provide for the orderly examination and cross-examination of witnesses, which is entirely within the judge's sound discretion. *State v. Albert*, 312 N.C. 567, 324 S.E.2d 233 (1985). We overrule this assignment of error.

[6] Next defendant assigns as error the trial court's admitting testimony by police officers as to defendant's character and reputation. Defendant asserts that this testimony was no more than an "attempt to persuade the jury that the defendant was a bad guy and ought to be punished," and therefore was improperly admitted. Our review of the record and transcript, however, fails to substantiate defendant's theory. The testimony of which defendant complains consisted of brief, rather straightforward testimony of two separate police officers. These officers were merely asked to testify as to the defendant's reputation for truthfulness, which was at issue because his own testimony contradicted the children's testimony. We find no error in admitting this evidence.

**[7]** Finally, defendant asserts that the trial court's allowing the children to testify constituted reversible error. Defendant relies on Rule 601(b) which states:

> A person is disqualified to testify as a witness when the court determines that he is . . . incapable of understanding the duty of a witness to tell the truth.

N.C.G.S. § 8C-1, Rule 601(b) (1988). Because both children are intellectually limited, defendant maintains that they are incompetent and therefore should have been disqualified as witnesses.

Defendant misapplies Rule 601(b). Rule 601(b) does not ask how bright, how young, or how old a witness is. Instead, the question is: does the witness have the capacity to understand the difference between telling the truth and lying? *See, e.g., State v. Everett*, 98 N.C. App. 23, 26-27, 390 S.E.2d 160 (1990), *rev'd on other grounds*, 328 N.C. 72, 399 S.E.2d 305 (1991). Moreover, it is not necessary for a witness to understand the obligation to tell the truth from a religious point of view. *State v. Hicks*, 319 N.C. 84, 352 S.E.2d 424 (1987). Our Supreme Court, in *State v. DeLeonardo*, 315 N.C. 762, 340 S.E.2d 350 (1986), upheld the trial court's finding that a twelve year-old, mildly retarded boy was competent to testify in a sexual assault case because the trial court, after observing the child's demeanor and responses, found that "[h]is answers to questions demonstrated . . . an understanding of the importance of telling the truth." *Id.* at 767, 340 S.E.2d at 354.

In this case, both minor witnesses were asked in *voir dire* whether they knew the difference between truth and falsehood. Both answered affirmatively, and both swore to tell the truth. Because the competency of a witness rests in the sound discretion of the trial judge, given his observation of that witness, we find no error or abuse of discretion in permitting the minor witnesses to testify. *State v. Turner*, 268 N.C. 225, 150 S.E.2d 406 (1966).

Defendant had a fair trial, free of prejudicial error.

No error.

Judges ARNOLD and WYNN concur.