ROBERT ALLEN CONNER, Plaintiff-Appellee v. CONTINENTAL INDUSTRIAL
CHEMICALS, INC. & ROBERT WYATT, Defendants-Appellants

No. COA95-1076

(Filed 2 July 1996)

1. Negligence § 33 (NCI4th)— forklift accident—sudden
   emergency—instruction proper

   In an action to recover for injuries sustained by plaintiff when
   he was hit by a forklift driven by defendant's employee, the evi-
   dence was sufficient to support the trial court's instruction on
   sudden emergency where it tended to show that the employee
   was using excessive speed and "acted like he was mad" when he
   drove the forklift into the trailer which plaintiff truck driver had
   delivered to defendant's premises; as a result plaintiff attempted
   to walk away from the forklift because he feared for his safety
   and wanted to get as far away from the employee as he could;
   however, as plaintiff turned to look around to see the location of
   the forklift, it was already approaching him at a rapid speed; and
   plaintiff screamed for the employee to stop, but the forklift hit
   him.

   Am Jur 2d, Negligence §§ 899-902.

2. Negligence § 170 (NCI4th)— contributory negligence—
   duty to choose safe way to do job—refusal to instruct

   In an action to recover for injuries sustained by plaintiff truck
   driver when he was struck by a forklift driven by a warehouse
   employee while unloading the truck, the trial court did not err by
   refusing to give the jury a contributory negligence instruction on
   plaintiff's duty to choose a safe way to do his job, which would
   have been to stand on the dock beside the truck, where the court
   instructed on the law of contributory negligence and on plaintiff's
   duty to keep a proper lookout.

   Am Jur 2d, Negligence §§ 1108 et seq.

   Propriety and prejudicial effect of instructions refer-
   ring to the degree or percentage of contributory negli-
   gence necessary to bar recovery. 87 ALR2d 1391.

3. Damages § 173 (NCI4th)— truck driver—lost earnings—
   instructions—time license suspended

   The trial court did not err by refusing to instruct the jury that
   it could not measure any wage loss plaintiff truck driver may have

suffered during the time his license was suspended for one year where plaintiff's expert witness excluded this period of time from his calculations as to plaintiff's loss of income, and plaintiff did not claim loss of income for this time period as part of his damages.

**Am Jur 2d, Damages § 1015.**

## 4. Damages § 173 (NCI4th)— lost earnings—failure to work when capable—instruction not required

The trial court did not err by refusing to instruct the jury that a person who is capable of working but does not do so may not recover for the loss of any amount he was capable of earning where plaintiff testified that he sought employment after his injury and in fact had periods of employment, and the court's instruction on reduced capacity to earn gave the substance of defendant's requested instruction.

**Am Jur 2d, Damages § 1015.**

## 5. Handicapped, Disabled, or Aged Persons § 29 (NCI4th)— persons with disabilities—prohibition of employment discrimination—instruction not required

The trial court did not err by refusing to instruct that the jury should be aware that employers cannot discriminate against persons with disabilities and in some circumstances are required to make reasonable accommodations for those disabilities where nothing in the record indicated that plaintiff had ever been denied employment because of his disability.

**Am Jur 2d, Job Discrimination §§ 173 et seq.**

**Availability of private right of action under sec. 503 of Rehabilitation Act of 1973 (29 USCS sec. 793), providing that certain federal contracts must contain provision requiring affirmative action to employ qualified handicapped individuals. 60 ALR Fed. 329.**

## 6. Evidence and Witnesses § 1946 (NCI4th)— drug test as business record—stipulation—no complaint as to proper foundation

Defendants' stipulation that a report of defendant employee's post-accident drug test was authentic and a business record made in the ordinary course of business precluded defendants from

complaining on appeal that plaintiff did not lay a proper foundation and that the report was hearsay.

**Am Jur 2d, Evidence §§ 1290-1297, 1300-1315.**

**7. Evidence and Witnesses § 2217 (NCI4th)— expert testimony—qualification of expert**

There was no merit to defendants' contention that the trial court erred in admitting a doctor's opinion that defendant employee was impaired by cocaine at the time of the accident in question because the doctor was not qualified to express such an opinion, since there was ample evidence in the record to support the trial court's qualification of the witness as an expert.

**Am Jur 2d, Expert and Opinion Evidence §§ 53-67; Witnesses §§ 163, 190, 197, 277.**

Appeal by defendants from judgment entered 9 March 1995 and order entered 13 April 1995 by Judge Claude S. Sitton in Gaston County Superior Court. Heard in the Court of Appeals 21 May 1996.

*Arthurs & Foltz, by Douglas P. Arthurs, and Gray & Hodnett, by James C. Gray, for plaintiff-appellee.*

*Cansler, Lockhart, Campbell, Evans, Bryant & Garlitz, P.A., by Thomas D. Garlitz, for defendants-appellants.*

WYNN, Judge.

On 29 December 1992, plaintiff Robert Allen Conner, a truck driver employed by Carolina Freight Carriers, delivered chemicals to defendant Continental Industrial Chemical Inc.'s ("Continental") warehouse. In the process of unloading that truck at the warehouse, Continental's employee, defendant Robert Wyatt, backed a forklift into Mr. Conner. As a result of the accident, Mr. Conner suffered a fractured left foot, a crush injury to the soft tissue of the same foot, injury to his right knee, and bruising on his left leg.

Mr. Conner sued defendants for damages arising from the personal injuries that he sustained as a result of the accident. Defendants, on the other hand, alleged that Mr. Conner had been contributorily negligent as a matter of law because he did not look before entering and crossing the area where the forklift was being operated.

CONNER v. CONTINENTAL INDUSTRIAL CHEMICALS

[123 N.C. App. 70 (1996)]

After trial, a jury found Mr. Wyatt negligent, found Mr. Conner not contributorily negligent, and awarded Mr. Conner $300,000 in damages. The trial court entered judgment on these verdicts and denied defendants' motion for judgment notwithstanding the verdict. Defendants appealed.

---

Defendants contend that the trial court erred by (I) instructing the jury on the doctrine of sudden emergency, (II) refusing to properly instruct the jury on plaintiff's duty to choose a safer method to do his job, lost wages, plaintiff's efforts to find employment after his injury and an employer's duty to hire disabled workers, (III) admitting the report of defendant Wyatt's post-accident drug test, (IV) admitting expert testimony that defendant Wyatt was impaired by cocaine at the time of the accident, and (V) failing to find that plaintiff was contributorily negligent as a matter of law. We address each contention in turn and conclude that the trial was free from error.

I.

[1] Defendants first argue that the trial court erred by instructing the jury on the doctrine of sudden emergency because no sudden emergency existed at the time of the accident. We disagree.

It is error to instruct the jury on the doctrine of sudden emergency when the evidence viewed in the light most favorable to the party claiming the benefit of the doctrine would not support a finding of the existence of a sudden emergency that was not of that party's making. *Masciulli v. Tucker*, 82 N.C. App. 200, 206, 346 S.E.2d 305, 308-09 (1986). The sudden emergency doctrine allows the court to "explain to the jury the effect certain external forces have on whether a duty of care has been breached." *Bolick v. Sunbird Airlines, Inc.*, 96 N.C. App. 443, 448, 386 S.E.2d 76, 79 (1989), *aff'd*, 327 N.C. 464, 396 S.E.2d 323 (1990). Two requirements must be met before this doctrine applies. First, an emergency situation must exist requiring immediate action to avoid injury. *Masciulli*, 82 N.C. App. at 206, 346 S.E.2d at 308-09. Second, the emergency must not have been created by the negligence of the party seeking the protection of the doctrine. *Id.*; *Colvin v. Badgett*, 120 N.C. App. 810, 463 S.E.2d 778 (1995), *aff'd per curiam*, 343 N.C. 300, 469 S.E.2d 553 (1996). The theory of sudden emergency applies equally to the alleged negligence of the defendant and the alleged contributory negligence of the plaintiff. *See Hamilton v. Josey*, 272 N.C. 105, 157 S.E.2d 619 (1967).

CONNER v. CONTINENTAL INDUSTRIAL CHEMICALS

[123 N.C. App. 70 (1996)]

Viewing the evidence in the light most favorable to the plaintiff, *Bolick*, 96 N.C. App. at 448, 386 S.E.2d at 79 (stating that in determining whether an instruction is required, evidence must be viewed in light most favorable to proponent), the record on appeal indicates that defendant Wyatt "was using excessive speed . . ." and that "[h]e acted like he was mad" when he drove into the trailer on the forklift. As a result, Mr. Conner attempted to walk away from the forklift because he feared for his safety and "wanted [to get] as far away from [defendant] as [he] could get." However, as Mr. Conner turned to look around to see the location of the forklift, the forklift was already approaching him at a rapid speed. Plaintiff screamed for the defendant to stop, but the forklift hit him.

We find that this evidence was sufficient for the trial court to instruct the jury on the sudden emergency doctrine. The rule is well established "that when a plaintiff is required to act suddenly and in the face of real, or under a reasonably well-founded apprehension of, impending and imminent danger to himself caused by defendant['s] negligence . . . he is not required to act as though he had time for deliberation and the full exercise of his judgment and reasoning faculties." *Rodgers v. Thompson*, 256 N.C. 265, 273, 123 S.E.2d 785, 790 (1962). We therefore find no error in the trial court's instruction.

II.

Defendants next contend that the trial court erred by refusing to instruct the jury that: (1) Plaintiff was contributorily negligent because he did not choose a safer method to do his job; (2) the jury could not measure any wage loss Mr. Conner may have suffered during the time his license had been suspended for one year (which coincided with the time of plaintiff's accident); (3) the jury may not allow a person who is capable of working, but does not do so, to recover for the loss of any amount he was capable of earning; and that (4) the jury should be aware that employers cannot discriminate against persons with disabilities and in certain circumstances, they are required to make reasonable accommodations for those disabilities.

When a party tenders a written request for a special instruction that is correct in itself and supported by the evidence, a trial court commits reversible error if it does not give the instruction *at least in substance. Millis Construction Co. v. Fairfield Sapphire Valley, Inc.*, 86 N.C. App. 506, 509-10, 358 S.E.2d 566, 568 (1987).

[2] In the instant case, defendants requested that the trial court instruct the jury that plaintiff was contributorily negligent because he did not choose a safer method to do his job which would have been to stand on the dock beside the truck.

Under North Carolina law, a plaintiff is contributorily negligent if the evidence shows that, as a matter of law, plaintiff failed to keep a proper lookout for his own safety. *Rone v. Byrd Food Stores*, 109 N.C. App. 666, 670, 428 S.E.2d 284, 286 (1993).

The trial judge gave the following instruction in pertinent part:

> If the plaintiff's negligence joins with the negligence of the defendant in proximately causing the plaintiff's own injury, it is called contributory negligence and the plaintiff cannot recover . . . I instruct you that contributory negligence is not to be presumed from the mere fact of injury. As to the contention of keeping a proper lookout, members of the jury, I instruct you that a person making a delivery to a place has a duty to maintain a lookout for his own safety while at said place . . . . A person on foot must keep a reasonable lookout as a reasonably careful and prudent person . . . . A pedestrian who does not take those precautions does not exercise reasonable care, and a violation of this duty is contributory negligence.

We find no error in this instruction. Indeed, the trial court instructed the jury on the law of contributory negligence. As such, the trial court did not err in refusing to instruct on plaintiff's duty to choose a safer way to do his job.

[3] With regard to defendants' second requested instruction that the jury could not measure any wage loss plaintiff may have suffered during the time his license had been suspended for one year, we find this argument to be without merit. The record shows that the trial court gave the following instruction:

> Damages for personal injury also include fair compensation for the loss of income from employment, loss from inability to perform ordinary labor or the reduced capacity to earn money experienced by the plaintiff—as a consequence of his injury. In determining this amount, you should consider the evidence as to the plaintiff's age and occupation; the nature and extent of the plaintiff's employment; the value of the plaintiff's services; the amount of plaintiff's income at the time of his injury from fixed salary or wages; the disability, if any, affecting earning capacity. Those

things are to be considered by you. The plaintiff's damages also include the amount by which his future earnings will be reduced as a consequence of his injury. In determining this amount, you may consider any evidence in regard to past earnings and any evidence as to the loss of future earning capacity.

This instruction is the pattern jury instruction on loss of income, past and future.

At trial, plaintiff's economic expert, Dr. Finley Lee, excluded the period of time when plaintiff's license had been suspended from his calculations as to plaintiff's loss of income. Significantly, plaintiff did not claim loss of income for this time period. Therefore, it would have been erroneous to instruct the jury to reduce the award by an amount not claimed by the plaintiff.

[4] Additionally, the trial court did not err in rejecting defendants' third requested instruction emphasizing plaintiff's efforts to find employment after his injury. Plaintiff testified at trial that he sought employment after his injury and in fact, had periods of employment. This evidence was before the jury to consider. As such, the instruction given to the jury that "[d]amages . . . include fair compensation for the loss of income from employment, loss from inability to perform ordinary labor or *the reduced capacity to earn money experienced by the plaintiff—as a consequence of his injury*" was correct and gave the substance of defendants' requested instruction. (emphasis supplied); *See Millis Construction Co.*, 86 N.C. App. at 509-10, 358 S.E.2d at 568.

[5] Finally, we find no merit in defendants' fourth requested instruction concerning the duties of potential employers to hire disabled workers. This proffered instruction was clearly not supported by the evidence at trial. *See Millis Construction Co.*, 86 N.C. App. at 509-10, 358 S.E.2d at 568. Nothing in the record indicates that plaintiff had ever been denied employment because of his disability.

In sum, we find that the trial court did not err in refusing to give these instructions.

III.

[6] Defendants next contend that the trial court erred in admitting the report of defendant Wyatt's post-accident drug test because plaintiff did not lay a proper foundation and because the report was inadmissible hearsay. We disagree.

**CONNER v. CONTINENTAL INDUSTRIAL CHEMICALS**

[123 N.C. App. 70 (1996)]

We note at the outset that prior to trial, defendants stipulated to the authenticity of the drug test results as a business record. N.C.R. Evid. 901(a) (1996) provides that the authentication of a matter "is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Additionally, N.C.R. Evid. 803(6) (1996) provides that business records kept in the ordinary course of business are admissible as exceptions to the hearsay rule.

By stipulating that the report was authentic and a business record made in the ordinary course of business at Roche Biomedical Laboratories, defendants cannot now argue on appeal that plaintiff did not lay a proper foundation and that the report was hearsay. Specifically, the trial court found that the parties' stipulations concerning the report satisfied any foundation or hearsay exception requirements. As such, all other objections to the test results must go the *weight* of the evidence. *See State v. Miller*, 80 N.C. App. 425, 430, 342 S.E.2d 553, 556, *cert. denied*, 317 N.C. 711, 347 S.E.2d 448 (1986).

Accordingly, we find these arguments to be without merit.

## IV.

**[7]** Defendants also contend that the trial court erred in admitting Dr. Steven Tracy's opinion that defendant Wyatt was impaired by cocaine at the time of the accident because Dr. Tracy was not qualified to express such an opinion and that the testimony's probative value was substantially outweighed by risks that it would unfairly prejudice defendants and mislead the jury. We disagree.

For expert testimony to be admissible, the witness need only be better qualified than the jury as to the subject at hand, and the witness' testimony must be helpful to the jury. *State v. Davis*, 106 N.C. App. 596, 601, 418 S.E.2d 263, 267 (1992), *cert. denied*, 333 N.C. 347, 426 S.E.2d 710 (1993). A finding by the trial judge that the witness qualifies as an expert is exclusively within the discretion of the trial judge and is not to be reversed on appeal absent a complete lack of evidence to support his ruling. *State v. Howard*, 78 N.C. App. 262, 270, 337 S.E.2d 598, 603 (1985), *cert. denied*, 316 N.C. 198, 341 S.E.2d 581 (1986).

In the instant case, there was ample evidence to support the trial court's qualification of Dr. Tracy as an expert. Dr. Tracy testified as to his training and experience in toxicology and forensic pathology. He also testified that he had read the deposition and statement of defendant Wyatt, portions of the deposition of the plaintiff, and depositions

of several other witnesses. Additionally, Dr. Tracy consulted with Dr. Anderson, Chief Toxicologist at the University of North Carolina-Chapel Hill Medical Examiner's Office, and read several text books regarding cocaine prior to giving his testimony.

Finding no abuse of discretion in the trial court's qualification of Dr. Tracy, we conclude that the trial court did not err in allowing Dr. Tracy to give his expert opinion that defendant Wyatt had been impaired by cocaine at the time of the accident. Dr. Tracy was better qualified than the jury on this subject, and his testimony was helpful to the jury. *See State v. Davis*, 106 N.C. App. at 601, 418 S.E.2d at 267. Additionally, we find no merit in the argument that the trial court erred in admitting Dr. Tracy's testimony because its probative value was substantially outweighed by risks that it would unfairly prejudice defendants and mislead the jury.

V.

Defendants' last contention is that the trial court erred in denying their motion for judgment notwithstanding the verdict because plaintiff was contributorily negligent as a matter of law. We disagree.

A judgment notwithstanding the verdict is proper only if the evidence taken in the light most favorable to the plaintiff establishes that *no other reasonable inference can be drawn. Allen v. Pullen*, 82 N.C. App. 61, 64, 345 S.E.2d 469, 472 (1986), *cert. denied*, 318 N.C. 691, 351 S.E.2d 738 (1987).

Viewing the evidence in the light most favorable to plaintiff, the record on appeal indicates that while plaintiff tried to move away from the forklift, the forklift hit him from behind. In explaining his lookout, plaintiff testified, "I did the very best I could . . . . The only time I turned away from him was trying to get away from him." Based on this testimony and our discussion in Part I of this opinion on the issues of sudden emergency and contributory negligence, we find that the trial court did not err in denying defendants' motion for judgment notwithstanding the verdict.

The trial court's judgment and order is,

Affirmed.

Judges EAGLES and SMITH concur.