AKILI JHAFFI BOOKER MARSHALL, JACQUELINE MARIE TAYLOR AND RAYMOND M. MARSHALL, PLAINTIFFS v. BENNIE LEE WILLIAMS, JR., AND BENNIE LEE WILLIAMS, SR., DEFENDANTS

No. COA01-1349

(Filed 17 September 2002)

## 1. Negligence— sudden emergency—sufficiency of evidence—instruction

The trial court did not err in an automobile accident case by instructing the jury on sudden emergency where there was substantial evidence that defendant-Williams, Jr. was driving his vehicle within the speed limit when an eleven-year-old child swerved his bicycle into defendant's lane of traffic; defendant attempted to avoid the accident by slamming on his brakes and pulling his car to the right away from the child; and defendant was unable to avoid the child. Moreover, any error in giving the instruction is harmless because the court instructed the jury that it must find that the sudden or unexpected danger arose through no negligence on the part of defendant.

**2. Trials— bifurcation sua sponte—no due process violation**

The plaintiffs in an automobile accident case were not denied due process by the trial court's sua sponte bifurcation of the trial where plaintiffs were given the opportunity to be heard on the issue and did not request additional notice or time before arguing, plaintiffs were not denied the opportunity to present evidence at trial, defendants stipulated that the injury was the direct result of the accident, and, if the jury had found negligence, plaintiffs would have been given the opportunity to present evidence on damages.

**3. Evidence— lay opinion—speed of vehicle**

The trial court did not abuse its discretion in an automobile accident case by not allowing two lay opinions about the speed of defendant's vehicle where the witnesses were eleven and thirteen years old at the time of the accident (but over eighteen at the time of trial), neither witness watched the vehicle continuously, and both witnesses were allowed to testify that defendant was going fast.

**4. Evidence— speed and timing of accident—testimony not allowed**

The trial court did not abuse its discretion in an automobile accident case by not allowing testimony as to the speed and timing of defendant's vehicle where the witness was a land surveyor whom plaintiffs attempted to treat as an accident reconstruction expert without qualifying him as an expert in any subject. He was allowed to testify as to the distance from the crest of a hill to the location of impact.

Appeal by plaintiffs from judgments entered 19 April 2001 by Judge Ronald E. Spivey in Forsyth County Superior Court. Heard in the Court of Appeals 22 August 2002.

*Kennedy, Kennedy, Kennedy and Kennedy, L.L.P., by Harold L. Kennedy, III and Harvey L. Kennedy, for plaintiff-appellants.*

*Burton & Sue, L.L.P., by Walter K. Burton and James D. Secor, III, for defendants-appellees Bennie Lee Williams, Jr. and Bennie Lee Williams, Sr. and Davis & Hamrick, by Kent L. Hamrick, for unnamed defendant State Farm Mutual Automobile Insurance Company.*

TYSON, Judge.

Plaintiffs appeal from an order granting a directed verdict at the end of plaintiffs' evidence in favor of defendant Bennie Lee Williams, Sr. (Williams, Sr.), and from a judgment in favor of defendant Bennie Lee Williams, Jr. (Williams, Jr.) entered after the jury found that plaintiff Akili Marshall was not injured by the negligence of defendant. We affirm the trial court's order and judgment.

## I. Facts

On 21 May 1994, Akili Jhaffi Booker Marshall (Akili) was thirteen years old and riding his bicycle south on Patterson Avenue in Winston-Salem. Defendant Williams, Jr., was driving north on Patterson Avenue with his one-year-old son in a vehicle owned by Williams, Sr. The vehicle driven by Williams, Jr. struck Akili which caused serious injuries to Akili.

Matthew El-Amin (Matthew), eleven years old at the time, was sitting on the front porch of a friend's house and saw Akili ride his bicycle down the sidewalk, stop, look both ways, and proceed across Patterson Avenue while looking straight ahead. Matthew testified that, while Akili was crossing the street, a truck came over the hill heading north on Patterson "going pretty fast." He further testified that "Akili was looking straight and the truck saw Akili and tried to go to the right but still hit Akili, and Akili went flying in the air and came down on his head."

Ernest Leonard House was sitting on his front porch on the same day. He testified that the truck came over the hill going 45 to 50 miles per hour. He further testified that he never saw the truck slow down before hitting Akili nor did he hear a horn from the truck.

Leon Samuel Taylor (Leon), who was thirteen at the time, also witnessed the accident. He testified that "a truck appeared out of nowhere as [Akili] got ready to cross the street. It was just like out of the blue, as it crested the hill, it was like it was coming at a—a fast speed." The trial court ruled that neither Leon nor Matthew could testify as to their opinion of the actual rate of speed of the vehicle.

Williams, Jr. testified that, on 21 May 1994, he was driving his son home from the babysitter's house about a block and a half south of the scene of the accident. He testified that he saw a boy on a bicycle appear between some cars and proceed south in the southbound lane of Patterson Avenue. Williams, Jr. testified that he was driving his

vehicle at "[p]robably around 20 miles an hour." Akili was in the middle of the street coming towards Williams, Jr. After traveling about five car lengths in the southbound lane, the boy made a 90-degree turn to cross the northbound lane about four feet in front of Williams Jr.'s vehicle. Williams Jr. testified "I [knew] I had to take some evasive action. I snatched the wheel and hit the brakes at the same time and pulled as hard as I could to the right of the road." Although the truck did move to the right, Williams, Jr. testified that he was unable to avoid hitting the boy. Testimony showed that the handlebars and front of the bicycle collided with the fender of the vehicle near the driver's side headlight.

Akili brought suit against Williams, Jr. alleging negligence in operating the vehicle and imputing Williams, Jr.'s negligence to Williams, Sr. In a bifurcated trial on the issue of negligence, the trial court granted a directed verdict in favor of Williams, Sr. at the end of plaintiff's evidence. The jury found no negligence on the part of Williams, Jr. Plaintiffs appeal.

## II. Issues

Plaintiffs assign error to the trial court's (1) instructing the jury regarding the sudden emergency doctrine (2) bifurcation of the trial *sua sponte* (3) refusal to allow plaintiffs' lay witnesses to testify to defendant's speed and (4) excluding the testimony of plaintiffs' witness regarding distance and speed.

## III. Jury Instructions

[1] Plaintiffs contend that the trial court erred in instructing the jury on the doctrine of sudden emergency. Plaintiffs assert that the negligence of Williams, Jr. created any sudden emergency which might have existed. We disagree.

The doctrine of sudden emergency creates "a less stringent standard of care for one who, through no fault of his own, is suddenly and unexpectedly confronted with imminent danger to himself or others." *Long v. Harris*, 137 N.C. App. 461, 467, 528 S.E.2d 633, 637 (2000) (*quoting Holbrook v. Henley*, 118 N.C. App. 151, 153, 454 S.E.2d 676, 677-78 (1995)). The two elements of the doctrine are (1) "an emergency situation must exist requiring immediate action to avoid injury" and (2) "the emergency must not have been created by the negligence of the party seeking the protection of the doctrine." *Id.* (*quoting Conner v. Continental Industrial Chemicals*, 123 N.C. App. 70, 73, 472 S.E.2d 176, 179 (1996)). Substantial evidence of each element of

the doctrine must be presented for a jury instruction to be properly given on sudden emergency. *Id.* The evidence is taken in a light most favorable to the party requesting the benefit of the instruction. *Id.*

Taken in a light most favorable to defendants, there is substantial evidence that Williams, Jr. was driving his vehicle within the speed limit when Akili, an eleven-year-old, swerved into his lane of traffic. Williams, Jr. attempted to avoid the accident by slamming on his brakes, such that skid marks resulted, and pulling his car to the right away from Akili. He was unable to avoid Akili. Defendants presented sufficient evidence to support an instruction on the sudden emergency doctrine.

Presuming the trial court erred in giving an instruction on sudden emergency, such error is harmless if the trial court properly instructed that the jury must find the sudden or unexpected danger arose through no negligence on the part of the defendant. *Moreau v. Hill*, 111 N.C. App. 679, 682-83, 433 S.E.2d 10, 13 (1993). Here, the trial court did so instruct the jury. The trial court instructed the jury that they must find that the emergency arose through no negligence on the part of Williams, Jr. for the sudden emergency doctrine to apply. We overrule this assignment of error.

### IV. Bifurcated Trial

[2] Defendants contend the trial court erred in "ruling to bifurcate the trial regarding the issues of liability and damages in that said ruling was made unilaterally by the trial court and violated plaintiffs' right to due process of law."

The trial court is granted the authority to bifurcate a trial "in furtherance of convenience or to avoid prejudice." N.C. Gen. Stat. § 1A-1, Rule 42(b) (2001). "The discretion reposed in the trial judge by the rule is extremely broad." *In re Will of Hester*, 320 N.C. 738, 742, 360 S.E.2d 801, 804 (1987). Although bifurcated trials are frequently used in complicated tort proceedings, our Courts have not restricted the use to those cases. *Id.* at 743, 360 S.E.2d at 804.

At a pretrial hearing the trial court stated:

The Court, in its discretion, after thorough review of these matters and careful thought and consideration of these issues, for the purpose of judicial economy, for the ease of understandability and presentation to the jury, and again after lengthy consideration of the best presentation of this matter will, in its

discretion, as it is allowed to do by law, bifurcate this trial, proceeding first with the issues of negligence, contributory negligence, and related negligence issues and reserve the issues of damages to be heard immediately following any verdict favorable to the plaintiff.

Plaintiffs objected to the *sua sponte* actions of the trial court and were allowed to argue their position for not bifurcating the trial. Plaintiffs' pre-trial argument contended their need to present a whole picture to the jury. To prove negligence, plaintiffs would be required to prove that any damages were a proximate cause of the negligence of Williams, Jr. Defendants stated: "We will certainly stipulate that he was injured as a direct result of the accident."

On appeal, plaintiffs contend that, because the decision to bifurcate was made *sua sponte*, they were denied due process based on the lack of notice and opportunity to be heard on the issue. The trial court allowed both parties to argue before it ruled on the merits of bifurcating the trial. Plaintiffs never requested additional time to prepare for arguments. Instead, they immediately argued against bifurcation.

We find that plaintiffs were not denied due process by the *sua sponte* bifurcation of the trial. Plaintiffs were given the opportunity to be heard on the issue and did not request additional notice or time before arguing. Plaintiffs were not denied the opportunity to present all evidence at trial. Defendants stipulated that the injury was a direct result of the accident. If the jury had found negligence on the part of Williams, Jr., plaintiffs would have been given the opportunity to present evidence on the extent of their damages. This assignment of error is overruled.

## V. Witnesses Testimony

[3] Defendants contend the trial court erred in refusing to allow two eyewitnesses, who were minors at the time of the accident but adults at the time of the trial, to testify as to the speed of Williams Jr.'s truck immediately preceding the accident. We disagree.

For a lay witness to testify as to his opinion of the speed of a vehicle, the trial court must determine, based on the facts and circumstances, that the witness had "a reasonable opportunity to observe the vehicle and judge its speed." *McNeil v. Hicks*, 119 N.C. App. 579, 581, 459 S.E.2d 47, 48 (1995) (citations omitted). The trial court must also consider the "intelligence and experience" of the wit-

ness in determining whether there was a reasonable opportunity to judge the speed of the vehicle. *State v. Grice,* 131 N.C. App. 48, 57, 505 S.E.2d 166, 171 (1998).

At the time of the accident here, Matthew was eleven years old and Leon was thirteen years old. Both testified during *voir dire* that, while they had not driven a vehicle at the time of the accident, both had experience as passengers in vehicles and looking at speedometers. At the time of trial, both witnesses were over the age of eighteen and had been driving vehicles for over two years. Each witness also testified that he had to look away from the vehicle in order to see Akili and that, when he did, he was not watching the vehicle continuously. Leon testified that it was only approximately five seconds from when he first saw the vehicle until the accident occurred. Matthew testified that all events occurred in "a matter of seconds." Although they were not allowed to testify as to their opinion of the actual speed of the vehicle, Matthew did testify before the jury that the vehicle was going "pretty fast" and "never slowed down." Leon testified before the jury that the vehicle was going at "a fast speed."

The trial court found that "it is not convinced that [Matthew] was possessed at age eleven on May 21st, 1994 with the ability to accurately estimate and present a lay opinion as to the speed of a moving automobile on that particular occasion." It also found that "plaintiff is unable to meet the foundational requirements to allow [Leon] to present a lay opinion." In both instances, the trial court also ruled that if the foundation was properly laid to allow lay opinion, "the probative value would be outweighed by the prejudicial impact pursuant to Rule 403."

We hold the trial court did not abuse its discretion in refusing to allow Leon and Matthew to present lay opinions as to the speed of the vehicle. This assignment of error is overruled.

### VI. Expert Witness Testimony

**[4]** Plaintiffs contend that "the trial court abused its discretion in not allowing [Clinton] Osborne to testify about distances and speed as it relates to this collision." We disagree.

Mr. Osborne testified that he was a professional land surveyor and had worked in his profession for a number of years both in the Army and in private practice. He was allowed to testify before the jury as to the distances from the crest of the hill to location of the impact. Plaintiffs never qualified Mr. Osborne as an expert in any

subject but attempted to treat him as an expert in accident reconstruction. After *voir dire* testimony of distance, speed, and time, the trial court found as follows in part:

> [T]here's no foundation laid as to the accuracy of his speed devices, timing devices on that occasion, no foundation regarding the conditions either at the date of the event on this date that may have changed both physical and meteorological, no foundation except hearsay as to his calculations regarding the location of the defendant, the height of the defendant's vehicle except to note that he indicated that his vehicle that he used to make the calculation looks a lot like the one that he saw pictured. And, further, that his opinion was based on the assumption that the speed of the vehicle would be constant during that period of time. All these variables, the Court did not allow him to make these or give these opinions in front of the jury. And the Court further found that such testimony would be prejudicial under 403 and for those reasons did not allow it[.]

The admissibility of expert testimony is within the sound discretion of the trial court and will not be overruled absent an abuse of discretion. *Griffith v. McCall*, 114 N.C. App. 190, 194, 441 S.E.2d 570, 573 (1994) (*citing State v. Davis*, 106 N.C. App. 596, 601, 418 S.E.2d 263, 267 (1992)). Our Court has held that "with respect to the speed of a vehicle, the opinion of a lay or expert witness will not be admitted where he did not observe the accident, but bases his opinion on the physical evidence at the scene." *Hicks v. Reavis*, 78 N.C. App. 315, 323, 337 S.E.2d 121, 126 (1985), *cert. denied*, 316 N.C. 553, 344 S.E.2d 7 (1986).

We hold that the trial court did not abuse its discretion in not allowing Mr. Osborne to testify as to the speed and timing of defendant's vehicle based on the lack of foundation and the assumptions used in his opinion testimony. This assignment of error is overruled.

## VII. Conclusion

Plaintiffs have abandoned any appeal of the directed verdict as to Williams, Sr. by failing to argue error on appeal. We hold the trial court did not err in submitting an instruction to the jury on sudden emergency. We find no abuse of discretion in bifurcating the trial, in the trial court ruling to not allow plaintiffs' lay witnesses to testify as to the rate of speed of Williams Jr.'s vehicle, nor in not allowing Mr. Osborne to testify as to the rate of speed of Williams Jr.'s vehicle.

No error.

Judges MARTIN and THOMAS concur.